58404, 58405. FARMER v. PRESSLEY et al. (two cases).

Carley, Judge.

In Case No. 58404, the natural mother appeals from a final order of adoption of her child by the child's maternal grandparents. In companion Case No. 58405, the mother appeals from the denial of her petition for habeas corpus seeking physical custody of the child.

1. The sole enumeration of error in Case No. 58404 alleges that the written consent of appellant as the natural parent was not obtained. *"Except as otherwise specified in section 74-405,* no adoption of a child with a living parent(s) or guardian(s) of his person shall be permitted except where . . . the parent(s) of the child has voluntarily and in writing surrendered all of his rights to the child to a relative who is either a parent, brother or sister, aunt or uncle, or son or daughter of either parent . . ." (Emphasis supplied.) Code Ann. § 74-403 (a)(4). Former Code Ann. § 74-405, applicable at times relevant to this appeal, provided: "Surrender or termination of parental rights as provided in section 74-403 shall not be required as a prerequisite to adoption pursuant to subsections . . . (a) (4) of section 74-403 where a child has been abandoned

by a parent, . . . [or] in the case of a parent who has failed significantly without justifiable cause for a period of one year or longer immediately prior to the filing of the petition for adoption to provide for the care and support of the child as required by law or judicial decree."

The trial judge found that appellant had abandoned the child within the meaning of former Code Ann. § 74-405 and that her prior written surrender of parental rights was not a prerequisite to the adoption. The evidence shows that the eight-year-old child has been living with appellees since she was seven or eight-months-old, when appellant informed them to "come get the baby. I don't want her and if you don't come get her, I'm gonna leave her here by herself." Appellant surrendered the child and all of her clothing to appellees at that time. The child's food, clothing, shelter, medical and educational needs have been supplied by appellees since that time. Though appellant is the natural mother, the child refers to appellees, the grandparents, as her parents. The child has been raised by appellees and their home is the only one the child has ever really known.

" 'In matters of adoption the superior court has a very broad discretion which will not be controlled by the appellate courts except in cases of plain abuse. [Cits.] Thus, if there is any evidence to support the judgment entered in an adoption proceeding, it must be affirmed by this court. [Cit.]' [Cit.] Accordingly, the finding that there was an abandonment as contemplated by [former] Code Ann. § 74-405 (a) [(2)] . . . is neither erroneous nor an abuse of discretion." *Lanning v. Fiveash,* 147 Ga. App. 290, 291 (248 SE2d 553) (1978).

Appellant's reliance on *Johnson v. Eidson,* 235 Ga. 820, 824 (221 SE2d 813) (1976) is misplaced. The holding in that case was that " '[m]oral unfitness' has never been, and cannot now be, construed as abandonment . . . 'Under statutes providing that abandonment may render such consent unnecessary, it is generally held that the abandonment must be such as to show a settled purpose to forego all parental duties and claims.' [Cit.] And 'there must be an actual desertion, accompanied with an intention to entirely sever [sic], so far as possible to do so, the parental relation, and throw off all obligations

growing out of the same.' [Cits.] Clearly then, moral unfitness has nothing to do with abandonment as so defined. [Cit.]"

In the instant case we deal not with "moral unfitness" as abandonment but with the application of former Code Ann. § 74-405 (a) (2) which provided that formal surrender of parental rights was not a prerequisite to adoption "where a child has been abandoned by a parent, . . . nor . . . in the case of a parent who has failed significantly without justifiable cause for a period of one year or longer immediately prior to the filing of the petition for adoption to provide for the care and support of the child as required by law or judicial decree." As discussed above, the finding in the instant case that appellant had "abandoned" the child within the meaning of this statute was supported by the evidence and will not be disturbed on appellate review. *Lanning v. Fiveash,* supra.

We do note parenthetically, however, that the relevant statute in effect at the time the *Johnson* case was decided differs from both former Code Ann. § 74-405, applicable here, and also present Code Ann. § 74-405 (Ga. L. 1979, pp. 1182, 1187). The statute operative when *Johnson* was decided provided: "Where *a decree has been entered* by a superior court of this State or any other court of competent jurisdiction of any other State ordering a parent to support a child and such parent has *wantonly and wilfully failed to comply with the order* for a period of 12 months or longer, the consent of such parent shall not be required . . ." (Emphasis supplied.) Ga. L. 1967, pp. 107, 108. It is thus seen that under the law as it existed at the times pertinent to this appeal and as it exists currently there is no longer a requirement that the failure to support be a wanton and wilful failure to comply with a court order to do so. All that was required in the instant case and that is required under current law is a *significant failure* to provide for the care and support of the child *as required by law* (see e.g., Code Ann. §§ 74-105, 106) or judicial decree. And where, as here, there is any evidence to support the finding that there has been an abandonment as contemplated by this statute, the judgment entered thereon will not be disturbed.

2. The petition for habeas corpus in Case No. 58405 was filed prior to January 1, 1979. Pretermitting any question of whether under such circumstances an appeal from a final order denying the petition is within the jurisdiction of this court under the decision in *Munday v. Munday,* 243 Ga. 863 (1979), no enumeration of error has been filed and the appeal presents nothing for review. *Calhoun v. Patrick,* 116 Ga. App. 303 (157 SE2d 31) (1967); *Riggins v. State,* 128 Ga. App. 478 (2) (197 SE2d 154) (1973).

*Judgments affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 5, 1979 — DECIDED OCTOBER 23, 1979— REHEARING DENIED NOVEMBER 14, 1979 —

*James E. Weldon,* for appellant.
*Arthur E. Mallory, III,* for appellees.