S05A0544. ADAMSON v. SANDERS.
(611 SE2d 44)

THOMPSON, Justice.

This appeal arises from the grant of Milford Lee Sanders' petition for habeas corpus. We affirm the judgment of the habeas corpus court.

Milford Lee Sanders ran a stop sign on a rainy night, crossed four lanes of highway, and collided with another car. Karen Cain, the passenger in the other car, died as a result of her injuries. A jury found Sanders guilty of failure to stop at a stop sign and first degree vehicular homicide by reckless driving. He was sentenced to ten years in prison and five years probation.

The habeas corpus court granted Sanders' petition on a number of grounds, any one of which would have been sufficient to warrant relief. The habeas corpus court first held that relief was appropriate because Sanders lacked a full and fair opportunity to litigate his federal and state constitutional claims with regard to a breathalyzer

test obtained in violation of his constitutional rights.[1] The habeas court also held that Sanders' Sixth Amendment right to effective assistance of counsel was violated in four different ways. In this regard, the habeas corpus court found that Sanders' counsel at trial was ineffective because he (1) failed to submit the proper jury charge on the accident defense, leaving the jury confused about who had the burden of proof on that defense, (2) failed to timely submit a charge, in writing, on the lesser included offense of second degree vehicular homicide, (3) failed to object when the trial judge erroneously charged the jury on the element of intent, and (4) failed to file a special demurrer to a faulty indictment.

In its enumeration of errors and brief, appellant seeks to reverse the judgment below by attacking most, but not all of the habeas corpus court's conclusions. One of the bases of the habeas corpus court's judgment — that Sanders' Sixth Amendment right to counsel was violated when his attorney failed to timely move to instruct the jury on a lesser included offense — was not attacked at all. Inasmuch as appellant utterly failed to challenge this ruling as error, the judgment must stand. Matters not enumerated as error will not be considered on appeal. See *Lee v. State*, 265 Ga. 112 (8) (454 SE2d 761) (1995); *Rider v. State*, 226 Ga. 14 (2) (172 SE2d 318) (1970).

Although it is therefore unnecessary to reach the errors appellant did enumerate, we point out that appellant's support for those enumerated errors relied heavily upon citations to the transcript, which was not made a part of the record on appeal. "It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm." *Enchanted Valley RV Park Resort v. Weese*, 241 Ga. App. 415, 417 (1) (526 SE2d 124) (1999) (quoting *Bennett v. Exec. Benefits*, 210 Ga. App. 429 (436 SE2d 544) (1993)).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 28, 2005.

*J. Gray Conger, District Attorney, Robert H. Sandwich, Jr., Assistant District Attorney*, for appellant.
*Wystan B. Getz*, for appellee.

---

[1] See generally *Cooper v. State*, 277 Ga. 282, 291 (587 SE2d 605) (2003).