**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 9, 2014**

# In the Court of Appeals of Georgia

A14A0006. BAKER v. THE STATE.

ANDREWS, Presiding Judge.

Based on stipulated evidence presented at a bench trial on September 22, 2011, Lauren Taylor Baker was found guilty of driving under the influence of alcohol. After her motion for a new trial was denied, she filed a timely notice of appeal on May 24, 2012. After a hearing, the trial court dismissed the appeal on June 28, 2013, finding an unreasonable delay in the filing of the transcript. Baker appeals from the trial court's order dismissing the prior appeal.

Baker's brief on appeal violates numerous rules of this Court. The brief was filed late in violation of Court of Appeals Rule 23 (a).[1] The brief violates Court of

---

[1] The State's motion to dismiss the appeal because the appellant's brief was not timely filed is denied.

Appeals Rules 22 and 25 because it contains no citations to the record on appeal, does not comply with structure and content requirements, and does not contain any enumeration of errors.

We dismiss the appeal because the brief fails to set forth any enumeration of errors. "This Court and the Supreme Court of Georgia have made clear that failure to file an enumeration of errors requires dismissal of an appeal, and that arguments raised in the appellate brief are not made issues on appeal unless they are properly enumerated as error." *Miles v. Emmons*, 234 Ga. App. 487 (507 SE2d 762) (1998); *Strom v. London*, 257 Ga. App. 889 (572 SE2d 409) (2002); *Riley v. Ga. Dept. of Revenue*, 295 Ga. App. 656, 657 (673 SE2d 49) (2009); *Lowery v. State*, 225 Ga. 814 (171 SE2d 500) (1969). Appellate court review is for the correction of errors of law made by the trial court. *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999).

> An error of law has as its basis a specific ruling made by the trial court. In order for a Georgia appellate court to review a trial court ruling for legal error, a party must set forth in the enumeration of errors the allegedly erroneous ruling. OCGA § 5-6-40. The appellate court is precluded from reviewing the propriety of a lower court's ruling if the ruling is not contained in the enumeration of errors.

Id.; *Adamson v. Sanders*, 279 Ga. 187, 188 (611 SE2d 44) (2005) ("Matters not enumerated as error will not be considered on appeal."). Nothing in Baker's brief can

be construed as an enumeration of error as to a specific ruling made by the trial court.[2]

Compare *State v. Crapp*, 317 Ga. App. 744-745 (732 SE2d 806) (2012).

It is not this Court's function to review the record and brief to attempt to discern the error appellant intended to assert.

> [A]ttempts to provide sua sponte appellate review of criminal appeals notwithstanding incomplete appellate filings, while laudable, do a disservice to the courts, the criminal defendant, and appellate counsel. The practice requires the appellate court to ignore jurisdictional and procedural statutes and rules, and to change its role from disinterested decision-maker to appellate advocate reviewing a trial record for error.

*Rowland v. State*, 264 Ga. 872, 874 (452 SE2d 756) (1995) (footnote omitted).

Rather, where a represented criminal defendant's deficient appeal is subject to dismissal, the appropriate means to uniformly treat such appeals and protect the defendant's due process right to an appeal is to dismiss the appeal while recognizing the defendant's right to apply in the trial court for an out-of-time appeal. Id. at 874-876.

Accordingly, the appeal is dismissed for failure to set forth any enumeration of errors. If Baker wishes to pursue appellate relief, she may seek an out-of-time appeal in the trial court. Pursuant to the procedure established in *Rowland*, supra, a

---

[2] Baker's motion (set forth in the brief) for an appeal bond is moot and is also dismissed.

copy of this opinion shall be sent to Baker and a copy shall be sent to her appellate counsel with direction to send a copy to Baker. If Baker subsequently seeks and obtains permission from the trial court to pursue an out-of-time appeal, she then will have 30 days within which to file her notice of appeal to this Court to commence the appeal of her conviction. If the trial court denies an out-of-time appeal, Baker will have 30 days to file a notice of appeal to this Court to commence an appeal of the denial of her motion for out-of-time appeal. *Fulton v. State*, 277 Ga. 126 (587 SE2d 20) (2003).

*Appeal dismissed. Boggs and Branch, JJ., concur. Barnes, P. J., and Doyle, P. J., concur in the judgment only. McFadden, J., dissents. Ray, J., concurs in the judgment of the dissent.*

A14A0006. BAKER v. THE STATE.

McFADDEN, Judge, dissenting.

Because the Appellate Practice Act limits our authority to dismiss appeals, I respectfully dissent. The Act prohibits us from dismissing except in three specified circumstances:

> No appeal shall be dismissed or its validity affected for any cause nor shall consideration of any enumerated error be refused, except: (1) For failure to file notice of appeal within the time required as provided in this article or within any extension of time granted hereunder; (2) Where the decision or judgment is not then appealable; or (3) Where the questions presented have become moot.

OCGA § 5-6-48 (b). These three specific circumstances allowing for dismissal do not include an appellant's failure to include an enumeration of error within her brief.

The Appellate Practice Act requires us to consider any appeal "[w]here it is apparent from the notice of appeal, the record, the enumeration of errors, *or* any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal[.]" OCGA § 5-6-48 (f) (emphasis supplied). We must construe this provision, as any other provision of the Appellate Practice Act, liberally "to bring about a decision on the merits of [this] case . . . and

to avoid dismissal of [it] or refusal to consider any points raised therein, except as may be specifically referred to in [the Act]." OCGA § 5-6-30.

Construing the Appellate Practice Act liberally, we should not dismiss Baker's appeal but should consider its merits, because it is apparent from her notice of appeal and the record "exactly what judgment is appealed from and what errors are asserted." *Leslie v. Williams*, 235 Ga. App. 657, 659 (1) (510 SE2d 130) (1998), overruled on other grounds by *Herr v. Withers*, 237 Ga. App. 420, 421-422 (515 SE2d 174) (1999). In her notice of appeal, Baker states that she "appeals to the Georgia Court of Appeals from the dismissal of the original appeal of the Defendant on June 24, 2013," and explains that the order from which she appeals dismissed her original appeal "for failure to file the transcript of the evidence in a timely manner, although the transcript was filed prior to the June 24, 2013, hearing." And the arguments raised in Baker's three-and-a-half-page brief pertain to this claim of error.

Nevertheless, it is equally apparent from Baker's short and deficient brief that she has failed to show error. I would therefore affirm without opinion under Ct. App. R. 36.

I am authorized to state that Judge Ray concurs in the judgement of the dissent.

2