**SECOND DIVISION**
**ANDREWS, P. J.,**
**BRANCH and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 26, 2016**

# In the Court of Appeals of Georgia

A15A2270. COMPLETE WIRING SOLUTIONS, LLC et al. v.
 ASTRA GROUP, INC. et al.

ANDREWS, Presiding Judge.

Complete Wiring Solutions, LLC (CWS), and Bill Worley Plumbing, Inc. (BWP), second tier subcontractors on a construction project on public property, filed a complaint pursuant to OCGA §§ 36-91-90 to 36-91-95 seeking to recover against a payment bond for amounts due for labor and materials provided on the project.[1] After a bench trial, CWS and BWP appeal from the judgment entered by the trial court in favor of the defendants/appellees. Because the appeal to this Court contains no enumeration of errors filed pursuant to OCGA § 5-6-40, the appeal is dismissed.

---

[1] The named defendants, and Appellees on appeal, are Astra Group, Inc. (the general contractor), Arch Insurance Company, Inc. (the surety for the bond), and R. W. Shannon, Inc. (the first tier subcontractor).

OCGA § 5-6-40 of the Appellate Practice Act (APA) provides as follows:

The appellant and cross appellant shall file with the clerk of the appellate court, at such time as may be prescribed by its rules, an enumeration of the errors which shall set out separately each error relied upon. The enumeration shall be concise and need not set out or refer to portions of the record on appeal. It shall be served upon the appellee or cross appellee in the manner prescribed in Code Section 5-6-32, need not have approval of the trial court, and when filed shall become a part of the record on appeal. The appellate court, by rule, may permit the enumeration to be made a part of the brief.

As to the enumeration of errors required by OCGA § 5-6-40, Rule 22 (a) of the Georgia Court of Appeals provides that an enumeration of errors separate from the appellant's brief is not required, and that the enumeration of errors shall be filed as "Part 2 of the appellant's brief." See also Court of Appeals Rule 23 (a) (providing that the appellant's brief "shall contain as Part 2 an enumeration of errors. . . ."). In the present appeal, no enumeration of errors was filed separately or as part 2 of the appellants' brief. Rather, the appellants' brief contains: (1) a section captioned "Standard of Review" which states the standard of appellate review and includes a general statement that the judgment is not supported by the evidence and is based on erroneous findings of fact; and (2) a section captioned "Statement of Facts" which mixes together asserted facts, claims of error, supporting arguments, and citations to

2

authority. Nothing in the appellants' brief is sufficient to constitute an "enumeration of errors" required to be filed pursuant to OCGA § 5-6-40.

In *Felix v. State*, 271 Ga. 534, 537-539 (523 SE2d 1) (1999), the Supreme Court construed the requirement in OCGA § 5-6-40 that an appellant file "an enumeration of the errors which shall set out separately each error relied upon." *Felix* explained that,

> where the enumeration of errors filed in the appellate court identifies the trial court ruling asserted to be error, the error relied upon is sufficiently "set out separately" to require the appellate court to shoulder its constitutional responsibility to be a court of review (1983 Ga. Const., Art. VI, Sec. V, Par. III; Art. VI, Sec. VI, Par. II), and its statutory duty "to bring about a decision on the merits of every case appealed. . . ." OCGA § 5–6–30.

*Felix*, 271 Ga. at 539. In explaining "what constitutes an 'error' which must be set forth in the enumeration of errors" required by OCGA § 5-6-40, *Felix* notes that an appellate court functions to correct errors of law made by the trial court, and concludes that:

> An error of law has as its basis a specific ruling made by the trial court. In order for a Georgia appellate court to review a trial court ruling for legal error, a party must set forth in the enumeration of errors the allegedly erroneous ruling. OCGA § 5-6-40. The appellate court is precluded from reviewing the propriety of a lower court's ruling if the ruling is not contained in the enumeration of errors. *Lee v. State,* 265 Ga.

3

112 (8) (454 SE2d 761) (1995); *Irvin v. Askew,* 241 Ga. 565 (2) (246 SE2d 682) (1978).

*Felix*, 271 Ga. at 539.

Thus, *Felix* makes clear that, when an enumeration of error has been filed pursuant to OCGA § 5-6-40, the APA requires a liberal construction of the enumeration, and "that an enumeration of error need be only sufficient to point out the error complained of." *Felix*, 271 Ga. at 538 (citations and punctuation omitted). Liberal construction of an enumeration of error filed pursuant to OCGA § 5-6-40 is consistent with the requirement in OCGA § 5-6-30 that the APA be "liberally construed so as to bring about a decision on the merits of every case appealed," and with the duty imposed on appellate courts under OCGA § 5-6-48 (f) "to discern what errors an appellant is attempting to articulate." *Felix*, 271 Ga. at 538. Accordingly, where an enumeration of errors is filed pursuant to OCGA § 5-6-40 which sets forth and "identifies the trial court ruling asserted to be error," the APA provides that "[if] the enumeration of errors fails to enumerate clearly the errors sought to be reviewed[,]' the appellate court is nonetheless required to consider the appeal '[w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, . . . what errors are sought to be asserted

4

upon appeal. . . .' OCGA § 5-6-48 (f)." *Felix*, 271 Ga. at 538. Although *Felix* recognizes that the APA is liberally construed to promote decisions on the merits of asserted error, the decision also confirms that, before appellate review under the APA is permissible, an appellant must file an enumeration of error pursuant to OCGA § 5-6-40 that sets forth and identifies a specific trial court ruling alleged to be erroneous.

In applying these principles, "[t]his Court and the Supreme Court of Georgia have made clear that failure to file an enumeration of errors requires dismissal of an appeal, and that arguments raised in the appellate brief are not made issues on appeal unless they are properly enumerated as error." *Miles v. Emmons*, 234 Ga. App. 487, 487 (507 SE2d 762) (1998); *Lowery v. Smith*, 225 Ga. 814, 814 (171 SE2d 500) (1969); *Adamson v. Sanders*, 279 Ga. 187, 188 (611 SE2d 44) (2005); *Rider v. State*, 226 Ga. 14, 15 (172 SE2d 318) (1970). Accordingly, in the absence of an enumeration of errors filed in compliance with OCGA § 5-6-40, this Court will not comb through the appellate brief to attempt to discern what errors the appellant seeks to assert on appeal. *Lowery*, 225 Ga. at 814 (appellant failed to file an enumeration of errors pursuant to former Ga. Code Ann. 6-810, now codified as OCGA § 5-6-40, "[t]herefore the appeal must be dismissed."); *Strom v. London*, 257 Ga. App. 889, 889 (572 SE2d 409) (2002) (appeal dismissed because the appellants failed to file an

5

enumeration of errors as required by OCGA § 5-6-40); *Riley v. Ga. Dept. of Revenue*, 295 Ga. App. 656, 657 (673 SE2d 49) (2009) (no enumeration of errors filed pursuant to OCGA § 5-6-40, so appeal dismissed); *Farmer v. Pressley*, 152 Ga. App. 288, 291 (262 SE2d 499) (1979) ("[N]o enumeration of error has been filed and the appeal presents nothing for review."); *Adamson*, 279 Ga. at 188 ("Matters not enumerated as error will not be considered on appeal."); *Rider*, 226 Ga. at 15 (matters raised in the appellate brief but not enumerated as error pursuant to former Ga. Code Ann. § 6-810, now codified as OCGA § 5-6-40, will not be considered); *Calhoun v. Patrick*, 116 Ga. App. 303, 303 (157 SE2d 31) (1967) (appellate court has no jurisdiction to consider error argued in brief but not enumerated as error pursuant to former Ga. Code Ann. § 6-810, now codified as OCGA 5-6-40); *Talley v. State*, 164 Ga. App. 150, 152 (296 SE2d 173) (1982) ("This court has no jurisdiction to consider grounds argued in the brief which are not enumerated as error.").

*Appeal dismissed. Branch and Rickman, JJ., concur.*

6