**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 5, 2017**

# In the Court of Appeals of Georgia

A17A0227. HASLAM v. THE STATE.

McMillian, Judge.

In this out-of-time appeal, Devon Haslam appeals from the judgment entered after a jury convicted him of rape, aggravated sodomy, false imprisonment, robbery by force, and hindering a person making an emergency phone call. As his sole enumeration of error, Haslam asserts that the evidence was insufficient to support his convictions for rape and two counts of aggravated sodomy.[1]

---

[1] Haslam was charged in three separate indictments arising out of three separate incidents involving three separate victims. The indictments were consolidated for trial, and Haslam was convicted on each of them. Haslam filed three appeals, each based on a separate indictment, and this Court denied his motion to consolidate those appeals. Haslam does not contest the sufficiency of the evidence supporting his convictions in Case Nos. A17A0226 and A17A0228, but instead only argues that his convictions for rape and aggravated sodomy in Case No. A17A0227 are not supported by the evidence. Nevertheless, Haslam argues that if we grant him a new trial on those two charges, he would be entitled to a new trial on all charges in all

Under Georgia law, "[a] person commits the offense of rape[, inter alia,] when he has carnal knowledge of [an adult] female forcibly and against her will. . . . Carnal knowledge in rape occurs when there is any penetration of the female sex organ by the male sex organ." OCGA § 16-6-1 (a). "A person commits the offense of aggravated sodomy[, inter alia,] when he or she commits sodomy with force and against the will of the other person[.]" OCGA § 16-6-2 (a) (2). Sodomy is defined as "any sexual act involving the sex organs of one person and the mouth or anus of another." OCGA § 16-6-2 (a) (1).[2]

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence[.]" *Walker v. State*, 267 Ga. App. 155, 155 (1) (598 SE2d 875) (2004). That is because it is within the province of the jury to determine the credibility of witnesses, including the victim, and the weight to be given to their

three indictments. We find no merit to that argument. See *Wiggins v. State*, 280 Ga. 268, 272 (2) (626 SE2d 118) (2006). Accordingly, we have dismissed, by separate order, the appeals in Case Nos. A17A0226 and A17A0228 for failure to enumerate any error by the trial court in connection with those cases. See *Adamson v. Sanders*, 279 Ga. 187, 188 (611 SE2d 44) (2005); *Wiring Solutions, LLC v. Astra Group, Inc.*, 335 Ga. App. 723, 726 (781 SE2d 597) (2016).

[2] Haslam does not contest the sufficiency of the evidence supporting his other convictions in this case, and thus we do not address them.

testimony. *McIntosh v. State*, 247 Ga. App. 640, 641 (1) (545 SE2d 61) (2001). An appellate court cannot substitute its judgment for that of the jury; we neither weigh the evidence nor determine the credibility of witnesses. Our task is simply to ascertain whether the evidence is sufficient to support the jury's verdict under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979). See *Nolan v. State*, 255 Ga. App. 63, 63 (1) (564 SE2d 464) (2002). If some competent evidence exists to support each essential element in the State's case, even if contradicted, the jury's verdict must be upheld. *Walker*, 267 Ga. App. at 155 (1).

So viewed, the evidence at trial showed that Haslam responded to an advertisement placed by the victim, who was working as a prostitute. The two arranged via text messages to meet at a hotel for sex. The victim let Haslam into her hotel room, and when she turned around at Haslam's request, he grabbed her by the neck. Haslam told the victim not to scream and, with his arm still around her neck, instructed her to take off her "bottoms." Haslam then shoved the victim down on the bed and began to penetrate her both vaginally and anally for a period of three to four minutes, causing her to experience pain and bleed from her anus. Haslam ordered the victim to wipe off her face and threatened to kill her. He then forced his penis into her mouth. Afterwards, Haslam penetrated her both anally and vaginally again.

3

Afterwards, Haslam took the victim's money and cellphone and snatched the hotel phone out of the wall; he then raped her anally again. At that point, he tied the victim's wrists to her ankles, placed a towel in her mouth, and left.

A doctor, who later examined the victim testified that her pelvic exam showed signs of possible injuries to the vaginal cavity and anal region, which were consistent with the victim's story that she was forcibly penetrated.

We find that this and other evidence at trial was sufficient to support Haslam's convictions for rape and aggravated sodomy as charged in this case. See *Ruffin v. State*, 333 Ga. App. 793, 793 (1) (777 SE2d 262) (2015) ("the victim's testimony, standing alone, would have been sufficient to authorize a verdict of guilty"); *Bradberry v. State*, 297 Ga. App. 679, 681 (1) (678 SE2d 131) (2009) (sufficient direct and circumstantial evidence of forcible rape by victim's testimony that she was forced against her will and that intercourse was painful). Although on appeal, Haslam points to inconsistencies and discrepancies between details in the victim's report of the incident to her boyfriend, health workers, and law enforcement, including how she met Haslam, whether she was working as a prostitute, and the nature of the acts performed, she consistently maintained that she had been sexually assaulted by Haslam. Moreover, any "such inconsistencies and how they may impact the

4

credibility or veracity of witnesses are for a jury to reconcile." *Dinkins v. State*, __ Ga. __ (3) (Case No. S16A1850, decided March 6, 2017). See also *Vega v. State*, 285 Ga. 32, 33 (1) (673 SE2d 223) (2009) ("'It was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence.'") (citation omitted). Because the record contains evidence supporting the jury's findings on the charges of rape and aggravated sodomy, we affirm.

*Judgment affirmed. Barnes, P. J., and Mercier, J., concur*.