**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 12, 2018**

# In the Court of Appeals of Georgia

A18A0742. MASSEY v. THE STATE.

RICKMAN, Judge.

Billy Ray Massey was tried by a jury and convicted of aggravated child molestation and child molestation. On appeal, Massey contends that the evidence was insufficient to support his conviction for aggravated child molestation and that the trial court failed to properly exercise its discretion as a thirteenth juror in denying his motion for new trial. For the following reasons, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence. We do not weigh the evidence or judge the credibility of the witnesses, but determine only whether the evidence authorized the jury to find the defendant guilty of the crimes beyond a reasonable doubt in accordance with the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

(Citation and punctuation omitted.) *Hall v. State*, 335 Ga. App. 895 (783 SE2d 400) (2016).

So viewed, the evidence showed that the 7-year-old victim's mother and father met Massey and his wife at church when the victim's mother was pregnant with the victim. Massey and his wife were grandparent figures to the victim and her younger brother who referred to them as "Nana" and "Papa." The victim and her family spent vacations and holidays with the Masseys. The Masseys frequently babysat the victim and her brother, and sometimes the children would spend the night at their home.

One evening, the victim and her family went to the fair with the Masseys. After the fair, the victim and her brother went back to the Masseys' residence and spent the night. Massey's wife returned the children to their parents the following evening. After she got home, the victim's mother was talking to the victim about her day and became concerned about the victim's responses and behavior. The victim told her mother that she could not tell her about something that happened because it was "a secret." The victim revealed that she and Massey had "a relationship." Pointing to her private area, the victim told her father that Massey had touched her.

The victim's father called 911, and a Sergeant with the Floyd County Police Department responded. The victim told the Sergeant that Massey had touched her and pointed to her groin area. The Sergeant arranged for the victim to have a forensic interview the following day.

During the forensic interview, the victim told the interviewer that Massey touched her on her private area. Two days after the initial interview, the victim told her mother that she needed to go back and speak with the forensic interviewer again. During the second forensic interview, the victim told the interviewer that Massey touched the "inside of her body" and that "it hurt." Both interviews were recorded and published to the jury.

A family nurse practitioner and pediatric sexual assault nurse performed a medical exam on the victim. The nurse testified that while the victim did not have any scars, lacerations, or bruising, the findings from the exam were consistent with sexual abuse because the victim said that it sometimes hurt when Massey touched her and that, after she had been touched, it would sometimes burn when she urinated. The nurse testified that any kind of pressure inside the vagina would be painful for a girl the victim's age.

The victim testified at trial that when she went to the Massey's house during the day, Massey's wife and her brother would take naps together in the Massey's room. During this time, the victim would sit with Massey in a recliner and watch television. The victim testified that while they were watching television, Massey would touch her with his fingers on her private and it hurt. Massey would also ask the victim to touch his private part outside of his clothes. Massey told the victim not to tell anyone about the touching because they would get "separated."

The grand jury returned an indictment charging Massey with aggravated sexual battery, aggravated child molestation, two counts of child molestation, and cruelty to children in the second degree. Prior to the start of the trial, the State nolle prossed the cruelty to children charge. Massey was found guilty of sexual battery, as a lesser included of aggravated sexual battery, aggravated child molestation, and on both counts of child molestation. One of the child molestation counts and the sexual battery count merged into the conviction for aggravated child molestation for the purposes of sentencing. Massey filed timely motions for new trial, which were denied. Massey appeals from his convictions and the denial of his motions for new trial.

1. In two enumerated errors, Massey contends that the evidence was insufficient to support his conviction for aggravated child molestation. Specifically, he argues that the State failed to present sufficient evidence that the victim suffered a physical injury. We disagree.

"A person commits the offense of child molestation when such person . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]" OCGA § 16-6-4 (a) (1). "A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child[.]" OCGA § 16-6-4 (c). "Significantly, a child's testimony that the molestation was painful is sufficient to prove the element of physical injury." *Moon v. State*, 335 Ga. App. 642, 646 (1) (b) (782 SE2d 699) (2016).

Here, the victim testified that Massey touched her on her private part with his fingers and that it hurt; the forensic interviewer testified that the victim told her that Massey's touching hurt; and the nurse testified that the victim told her the touching hurt and that it sometimes burned when she urinated after Massey touched her. This testimony was sufficient to prove the physical injury element of aggravated child

molestation. See *Moon*, 335 Ga. App. at 646 (1) (b) (testimony from the victim that the defendant inserted his finger into her vagina and it hurt "sufficiently proved that [the victim] was physically injured while being sexually abused by [the defendant]"); see also *Grooms v. State*, 261 Ga. App. 549, 550 (1) (583 SE2d 216) (2003) ("The victim's testimony indicating the molestation 'hurt' sufficed to prove the element of physical injury.").

2. Massey contends that the trial court failed to properly exercise its discretion as the thirteenth juror in denying his motion for new trial.

"In any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the judge presiding may grant a new trial before another jury." OCGA § 5-5-20. "The presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding." OCGA § 5-5-21. "When properly raised in a timely motion, these grounds for a new trial—commonly known as the 'general grounds'—require the trial judge to exercise a broad discretion to sit as a 'thirteenth juror.'" (Citation and punctuation omitted.) *White v. State*, 293 Ga. 523, 524 (2) (753 SE2d 115) (2013). "In exercising that discretion, the trial judge must consider some

6

of the things that she cannot when assessing the legal sufficiency of the evidence, including any conflicts in the evidence, the credibility of witnesses, and the weight of the evidence." Id.

In its order denying Massey's motion for new trial, the trial court acknowledged that Massey argued that the evidence was insufficient to support his convictions and that the judge was being asked to sit as a thirteenth juror. The trial court addressed Massey's sufficiency of the evidence argument and denied his motion for new trial on that ground. The order then states that, "[a]fter reviewing the evidence and the arguments of the parties on the remaining enumerations of error, the court hereby [d]enies the Defendant's [m]otion on all alleged errors."

"Although the order does not explicitly state that the court exercised 'its broad discretion as the thirteenth juror' in deciding [Massey's] motion, it is well established that this Court must presume that the trial judge knew the rule as to the necessity of exercising her discretion, and that she did exercise it." (Citation and punctuation omitted.) *Morris v. State*, ___ Ga. ___, *330 (VII) (811 SE2d 321) (2018). "This is not a case where the trial court explicitly declined to consider the credibility of the witnesses in denying the defendant's motion for new trial on the general grounds." *Butts v. State*, 297 Ga. 766, 772 (3) (778 SE2d 205) (2015). "Nor did the trial court

7

in this case make clear its belief that it had no discretion to grant a new trial despite disagreeing with the jury's verdict." Id. Accordingly, this argument is without merit. See *Morris*, ___ Ga. at ___ *330 (VII); see also *Butts*, 297 Ga. at 772 (3).

*Judgment affirmed. McFadden, P. J., and Ray, J., concur.*