**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 5, 2019**

# In the Court of Appeals of Georgia

A18A1489. THE STATE v. FREEMAN

MILLER, Presiding Judge.

David Justin Freeman was accused of loitering upon school premises, in violation of OCGA § 20-2-1180. The State appeals from the trial court's grant of a general and special demurrer to Freeman, arguing that the language of the accusation sufficiently apprised Freeman of the crime alleged. Because the accusation was subject to a general demurrer, we affirm.

"We review a trial court's ruling on a general or special demurrer de novo in order to determine whether the allegations in the indictment are legally sufficient." (Citations omitted.) *Sallee v. State*, 329 Ga. App. 612, 616 (2) (765 SE2d 758) (2014).

In a single count, the accusation[1] charged Freeman

with the offense of Loitering upon school premises, for that the said accused in the County aforesaid, on or about the 11th day of January, 2017, did, without having a legitimate cause thereon, to wit: for the purpose of contacting a [s]tudent and obtaining his personal information, remain in the school safety zone of Rockmart Middle School, after having been told not to do so by law enforcement *on a previous occasion* where he had entered or attempted to enter school property, to wit: a Polk County school bus, for the same purpose, in violation of OCGA [§] 20-2-1180 . . . .

Proceeding pro se, Freeman filed several pre-trial motions, including a motion to dismiss and/or quash the accusation. Freeman requested that the trial court dismiss the accusation "on the grounds of demurrer" because it failed to allege that he had violated OCGA § 20-2-1180. Specifically, Freeman contended that OCGA § 20-2-1180 does not apply to instances where an individual goes to a school after having

---

[1] The trial court dismissed the State's previously filed accusation on the basis that it "fail[ed] to allege either OCGA [§] 20-2-1180 (b) (1) or (b) (2) was violated," and did not cite the specific subsection at issue.

2

been told not to do so on a *separate* occasion, and that no one had asked him to leave the school on January 11, 2017.

The trial court held a hearing on Freeman's motions and construed his motion to dismiss and/or quash as a general and special demurrer. At the hearing, the State contended that it had sufficiently alleged a violation of OCGA § 20-2-1180 (b) (1). The trial court, however, dismissed the accusation, stating as follows:

> As a general demur[r]er, this motion is granted because the accusation fails to allege either OCGA Section 20-2-1l80 (b) (l) or (b) (2) was violated and the Code plainly requires that one of those two conducts must have occu[r]red before a crime is committed. As a special demur[r]er this motion is granted because the accusation must be perfect in form and substance. The Defendant is entitled to be notified which violation he is to defend. When a statute allows alternative ways in which a crime may be committed, the accusation or charging instrument must allege which alternative the conduct violates or else it is subject to special demur[r]er.[2]

This appeal followed.

---

[2] At the hearing, the trial court seemed mostly concerned by the State's failure to make clear in the accusation which subsection Freeman allegedly violated, but the trial court also signaled its agreement with Freeman's position that the accusation was fatally flawed insofar as it was based on a previous instruction.

The State contends that the trial court erred in granting Freeman's motion because the accusation sufficiently tracked the language of OCGA § 20-2-1180 (b) (1), and therefore the State's failure to specifically cite that subsection did not render the accusation invalid.[3] Pretermitting this issue, however, the accusation was nevertheless subject to a general demurrer because it did not allege facts constituting Freeman's violation of a criminal statute.

"A general demurrer challenges the validity of an [accusation] by asserting that the substance of the [accusation] is legally insufficient to charge any crime." (Citation

---

[3] We note that the State has failed to file, or include in its brief as Part 2, an enumeration of errors. See Court of Appeals Rule 25 (a) (2); OCGA § 5-6-40. Simultaneously, in our examination of the State's notice of appeal and the record, we can clearly ascertain the single allegedly erroneous ruling asserted, and we may consider the appeal. See OCGA § 5-6-48 (f); OCGA § 5-6-30 (requiring the liberal construction of the Appellate Practice Act so as to avoid dismissal of any case or refuse to consider any points raised therein); *State v. Martinez-Palomino*, 329 Ga. App. 304, 305, n.2 (764 SE2d 886) (2014); *Jackson v. State*, 314 Ga. App. 272, n.1 (724 SE2d 9) (2012); *State v. Crapp*, 317 Ga. App. 744, 744-745 (1) (732 SE2d 806) (2012); *State v. Madison*, 311 Ga. App. 31, 32 (1) (714 SE2d 714) (2011), overruled on other grounds by *State v. Cohen*, 302 Ga. 616 (807 SE2d 861) (2017). Compare *Baker v. State*, 328 Ga. App. 53, 54 (761 SE2d 477) (2014) ("Nothing in [appellant's] brief can be construed as an enumeration of error as to a specific ruling made by the trial court."). We recognize the apparent tension between these cases and our decision in *Complete Wiring Sols., LLC v. Astra Grp., Inc.*, 335 Ga. App. 723, 724-726 (781 SE2d 597) (2016), that the failure to file an enumeration of errors results in the dismissal of the appeal. In any event, however, the State has not presented a meritorious argument.

4

omitted.) *Poole v. State*, 326 Ga. App. 243, 247 (2) (a) (756 SE2d 322) (2014). "[T]he true test of the sufficiency of an indictment to withstand a general demurrer is found in the answer to the question: Can the defendant admit the charge as made and still be innocent? If he can, the indictment is fatally defective." (Citation and punctuation omitted.) Id. at 247-248 (2) (a).

OCGA § 20-2-1180 provides:

(a) It shall be unlawful for any person to remain in or on any school safety zone in this state or to remain in or on any such school safety zone when such person does not have a legitimate cause or need to be present thereon. Each principal or designee of each public or private school in this state shall have the authority to exercise such control over the buildings and grounds upon which a school is located so as to prohibit any person who does not have a legitimate need or cause to be present thereon from *loitering* upon such premises. . . .

(b) Any person who: (1) [i]s *present* in or on any school safety zone in this state and willfully fails to *remove himself or herself* from such school safety zone *after the principal or designee of such school requests him or her to do so*; or (2) [f]ails to check in at the designated location . . . shall be guilty of a misdemeanor of a high and aggravated nature.

(Emphases supplied.)

5

In this case, the State alleged that Freeman "remain[ed]" in the school safety zone of Rockmart Middle School, despite being told not to do so on a "previous occasion," i.e., while he either entered or attempted to enter a Polk County school bus. In his appellee brief, Freeman reiterates the argument that he raised in the trial court — that a "previous" instruction from a principal or school designee does not adequately support a charge of loitering upon school premises. Given our plain reading of OCGA § 20-2-1180 (b) (1), we determine that the substance of the accusation was insufficient to withstand a general demurrer.

"[I]n construing OCGA § 20-2-1180, we apply the fundamental rules of statutory construction that require us to construe the statute according to its terms, to give words their plain and ordinary meaning." (Citation and punctuation omitted.) *Isenhower v. State*, 324 Ga. App. 380, 382 (1) (750 SE2d 703) (2013). Also, we must "consider the text contextually, and read the text in its most natural and reasonable way, as an ordinary speaker of the English language would. In sum, where the language of a statute is plain and susceptible of only one natural and reasonable construction, courts must construe the statute accordingly." (Citations and punctuation omitted.) *Martinez v. State*, 325 Ga. App. 267, 273 (2) (750 SE2d 504) (2013).

For purposes of OCGA § 20-2-1180 (b) (1), it is a crime for a defendant to willfully fail to "remove himself" from a school safety zone after the principal or school designee asks him to do so. Because the term "remove" is neither a term of art nor a technical term, we consider its ordinary meaning. *Martinez*, supra, 325 Ga. App. at 273 (2). See also OCGA § 1-3-1 (b). The common meaning of the term "remove" is "to change or shift the location [or] position" of something or someone. Webster's Third New International Dictionary at 1921 (1981). And it is axiomatic that in order for an individual to be told to change his location from that of a school safety zone, he must first be "present"[4] at that location, and *then* instructed to "remove" himself. Compare OCGA § 16-7-21 (b) (2) (criminalizing a person's knowing and unauthorized entry upon an area when the person has "prior" notice "from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant that such entry is forbidden").

Thus, when we consider the ordinary meaning of the term "remove," and read the statute in its most natural and reasonable way, it is clear that a person charged with loitering under OCGA § 20-2-1180 (b) (1) must have been "present" in the school safety zone, then instructed to leave by the principal or school designee, and

---

[4] OCGA § 20-2-1180 (b) (1).

7

then willfully failed to comply with that instruction. C.f. *Isenhower*, supra, 324 Ga. at 382-383 (1) (under former statute, defendant did not "remain" or "loiter" on school premises because after the assistant principal told her to leave, she "had to be given some reasonable amount of time to remove herself" from the building, reach her vehicle, and drive off). Indeed, a principal or school designee can only determine that a person "does not have a legitimate need or cause to be present"[5] in a school safety zone when the person actually goes there, and not at an untold time before.

Here, however, the State bases the loitering charge on an instruction from law enforcement that Freeman allegedly received on a "previous occasion," before he even went to the Rockmart Middle School on the date in the accusation. This is insufficient to allege a crime under OCGA § 20-2-1180 (b) (1).[6] If we were to interpret the statute otherwise, it would mean that an individual could be accused of "loitering" in a school safety zone based on an instruction received years before actually going there, and without ever being told to leave while he or she is on the

---

[5] OCGA § 20-2-1180 (a).

[6] The accusation as drafted also does not satisfy the various elements of criminal trespass (OCGA § 16-7-21 (b)), loitering or prowling (OCGA § 16-11-36 (a)), or obstruction of an officer (OCGA § 16-10-24) (2015). See *Poole*, supra, 326 Ga. App. at 247 (2) (a) (a general demurrer should be granted when an accusation "fails to charge the accused with any act made a crime by the law") (citation omitted).

premises. We will not interpret the statute so as to produce such a result. See *Gaston v. State*, 227 Ga. App. 666, 668 (1) (490 SE2d 198) (1997) ("Statutes must be construed in order to square with common sense and sound reasoning, as well as to effectuate the purpose of the General Assembly.") (citation omitted). Although it is not entirely clear that the trial court relied on statutory interpretation when it granted the general demurrer, we are mindful that "a person cannot be lawfully convicted on an invalid indictment." *State v. Wilson*, 318 Ga. App. 88, 91, n.10 (732 SE2d 330) (2012). Thus, to the extent that our reasoning differs from that of the trial court, we nevertheless affirm the trial court's grant of the general demurrer. See, e.g., *Whatley v. State*, 297 Ga. 399, 401 (774 SE2d 687) (2015) ("Nonetheless, since [the defendant's] general demurrer was properly denied, we affirm the judgment of the trial court under the right-for-any-reason rule).

Because the trial court correctly determined that the State did not allege a violation of OCGA § 20-2-1180 (b), and the accusation was subject to dismissal, we do not address the trial court's grant of the special demurrer.

*Judgment affirmed. Brown and Goss, JJ., concur.*