**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 4, 2024**

# In the Court of Appeals of Georgia

A23A1215. JAKES v. THE STATE.

MARKLE, Judge.

Following a jury trial, Rasheed O. Jakes was convicted of multiple offenses, including several violations of the Georgia Controlled Substances Act and possession of a firearm during the commission of a felony. Jakes now appeals from the trial court's denial of his motion for new trial, claiming only that a successor judge improperly ruled on the general grounds as raised in his motion because she had not presided over his trial. Finding no error, we affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of

innocence." (Citation and punctuation omitted.) *Haslam v. State*, 341 Ga. App. 330, 331 (801 SE2d 61) (2017).

The record shows that, following a bifurcated jury trial, Jakes was convicted of trafficking methamphetamine, more than 200 grams but less than 400 grams; possession of methamphetamine with intent to distribute; possession of methamphetamine; possession of marijuana with intent to distribute; possession of marijuana, more than an ounce; possession of a firearm during commission of a felony; fleeing and eluding an officer; bail jumping; and possession of a firearm by a convicted felon.[1] Jakes filed a motion for new trial. Following a hearing, the trial judge, who had not presided over Jakes's trial, denied the motion. This appeal followed.

In his single enumeration of error, Jakes claims that the successor judge improperly exercised her discretion as the thirteenth juror solely because she had not presided over his trial. This issue is controlled adversely to him by OCGA § 5-5-43 and *Wilson v. State*, 302 Ga. 106, 109 (II) (c) (805 SE2d 98) (2017).

As we have explained,

---

[1] The State nolle prossed a single count of possession of marijuana, less than an ounce.

"[i]n any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the judge presiding may grant a new trial before another jury." OCGA § 5-5-20. "The presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding." OCGA § 5-5-21. When properly raised in a timely motion, these grounds for a new trial — commonly known as the "general grounds" — require the trial judge to exercise a broad discretion to sit as a "thirteenth juror." Trial courts have discretion to grant a new trial on the general grounds but appellate courts do not.[2]

(Citations and punctuation omitted.) *Miller v. State*, 368 Ga. App. 879, 880-881 (1) (891 SE2d 444) (2023); see also *King v. State*, 316 Ga. 611, 615-616 (2) (889 SE2d 851) (2023).

OCGA § 5-5-43 duly authorizes a judge "who did not try the case" to rule on the motion for new trial if one is filed in that same case.[3] Thus, "there is no

---

[2] Jakes does not otherwise attack the merits of the denial of his motion for new trial.

[3] In its entirety, OCGA § 5-5-43 provides: "A judge who did not try the case may, if presented with a motion for new trial within 30 days from the date of the verdict or judgment sought to be set aside, allow the filing of, issue rule nisi thereon, and decide the motion either where [s]he is presiding in the court in which the trial was had, or where [s]he is named in the rule, or where [s]he is otherwise authorized

prohibition on a successor judge deciding a new trial motion." *Wilson*, 302 Ga. at 106

(II) (c); see also *Weathersby v. State*, 263 Ga. App. 341, 343 (3) (587 SE2d 836) (2003)

(no error where trial court assigned a senior judge to rule on defendant's motion for

new trial). As such, the successor judge did not err in assuming the role of the

thirteenth juror in ruling on the new trial motion.

Moreover, despite Jakes's contention otherwise, the final order shows that the

successor judge clearly understood her discretion as the thirteenth juror. Importantly,

> the trial court need not explicitly speak of its discretion with respect to
> the general grounds, and unless the record shows otherwise, we must
> presume that the trial court understood the nature of its discretion and
> exercised it. This Court will thus presume, in the absence of affirmative
> evidence to the contrary, that the trial court did properly exercise such
> discretion.

(Citations and punctuation omitted.) *Wilson*, 302 Ga. at 108 (II) (a).

Here, the successor judge reviewed the trial testimony, "including any attempts

by [Jakes] to show bias or untruthfulness"; considered the weight and sufficiency of

all of the evidence; and specifically found that "the verdict was not contrary to [the]

evidence and the principles of justice and equity, nor was the evidence so sufficiently

---

by law to do so."

close as to warrant" a new trial. Thus, Jakes's argument is without merit. See *Massey v. State*, 346 Ga. App. 233, 236 (2) (816 SE2d 100) (2018) (we presume the trial court is aware of its discretion unless the record shows otherwise); OCGA §§ 5-5-20; 5-5-21; see also *King*, 316 Ga. at 17 (2); *Hamlette v. State*, 353 Ga. App. 640, 650 (5) ( 839 SE2d 161) (2020).

*Judgment affirmed. McFadden, P. J., and Brown, J., concur.*