**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 9, 2026**

# In the Court of Appeals of Georgia

A25A1819. THE STATE v. WEST.

BROWN, Chief Judge.

James Willie West was charged with trafficking in cocaine, possession of marijuana with intent to distribute, and multiple offenses related to possession of firearms. West filed a motion to suppress, challenging the warrantless use of a drug-sniffing dog outside of his apartment and the subsequent issuance of a search warrant based in part on the dog's positive alert for illegal drugs. Following a hearing, the trial court granted the motion, concluding that the dog sniff violated West's reasonable expectation of privacy in the contents of his home and that, absent the dog sniff, the affidavit did not support a finding of probable cause sufficient to issue the search warrant. The State appeals. For the reasons that follow, we affirm.

When reviewing a trial court's ruling on a motion to suppress, we must follow three fundamental principles: First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and [the judge's] findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment. These principles apply equally whether the trial court ruled in favor of the State or the defendant.

*State v. Newsome*, 352 Ga. App. 546, 547 (835 SE2d 329) (2019) (citation and punctuation omitted). But, we review de novo the trial court's application of law to undisputed facts. See *State v. Yearwood-Cabbel*, 370 Ga. App. 471, 476 (897 SE2d 876) (2024). Construed most favorably to the trial court's findings and judgment, the evidence shows that the GBI in conjunction with the DEA began investigating West in December 2023, after receiving a tip that he was a "possible money courier" for drug cartels. While conducting surveillance on West on December 8, 2023, a GBI agent observed West drive from his apartment to the parking lot of a local nail salon, where he exited his vehicle and entered two separate vehicles, exchanging something

with the drivers of those vehicles. Despite her inability to identify the exchanged objects from a distance, based upon her training and experience, the GBI agent believed the exchanges to be "hand-to-hand [narcotics] transactions." During a second surveillance on January 10, 2024, law enforcement followed West from his apartment to a Walgreen's parking lot where they observed him meet with a man. West spoke to the man through the window of the man's vehicle; the two exchanged what appeared to be information from their phones; and then West "grabbed" a duffel bag from his vehicle and handed it over to the man. The GBI agent testified that she believed the transaction to be "a money pickup" or exchange of "bulk U. S. currency."

On January 11, 2024, law enforcement, with the permission of apartment management, conducted an open-air dog sniff outside of West's apartment, which was located in a gated complex. According to the GBI agent, "K-9 Brutus" was within one foot of West's front door and smelled the entire seal of the door from one side to the other. The dog alerted by sitting down directly in front of the door. Law enforcement subsequently obtained a search warrant for West's apartment based upon an affidavit prepared by a Henry County Police investigator and oral testimony of the GBI agent. The GBI agent testified at the suppression hearing that the oral testimony concerned

information provided by a confidential informant that West was involved in money laundering. The GBI agent confirmed that the informant never mentioned anything about illegal narcotics, but would not disclose additional details of her oral testimony or the identity of the informant because of the sensitive nature of the investigation. The police investigator confirmed that his affidavit stated only that the GBI agent received a tip of possible money laundering; it did not "include any information [from the informant] about illegal narcotics." The subsequent search of West's apartment pursuant to the warrant revealed guns and illegal drugs.

West filed a motion to suppress all evidence seized during the search, arguing that the warrantless use of a drug dog to conduct an open-air sniff of the curtilage of his home violated the Fourth Amendment, and that without the dog sniff, the facts set forth in the affidavit and during the probable cause hearing were insufficient to support the search warrant. Following a hearing, the trial court granted the motion to suppress, ruling that the sniff test conducted in the breezeway outside West's apartment was not a "trespass into the home's curtilage" because law enforcement obtained permission from apartment management to use the drug dog in a common area in which residents generally do not have a reasonable expectation of privacy, but that use of the drug dog

4

to sniff "the entire seal" of West's apartment door to gain information about the contents of his home violated his reasonable expectation of privacy and was therefore illegal without a warrant.[1] As for the evidence relied upon to support the search warrant, the trial court ruled that both the affidavit and the testimony provided by the GBI agent to the judge issuing the search warrant were insufficient to establish probable cause. The State appeals from this order.

The State's brief fails to comply with this Court's rules. See Court of Appeals Rule 25 (a), (d). See also OCGA § 5-6-40. It does not set forth any enumeration of error and fails to set out the material facts relevant to the appeal, stating only that the trial court's order provides a full recitation of the facts. "Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court." *State v. McKinney*, 366 Ga. App. 251, 253 (1) (881 SE2d 699) (2022) (citation and punctuation omitted). It is not this Court's function to review the record or brief to formulate arguments for a party or to speculate as to what

---

[1] The trial court explicitly found that "the State presented no evidence that there was a smell of illicit substances in the breezeway discernable within human perception."

the party intended to argue on appeal. See generally *Henry v. State*, 364 Ga. App. 307, 312 (b) (874 SE2d 852) (2022). See also *Baker v. State*, 328 Ga. App. 53, 54 (761 SE2d 477) (2014) (physical precedent only). Nonetheless, where we are able to perceive the substance of an enumeration, it is our duty to consider it. See *Strickland v. State*, 165 Ga. App. 197, 199 (2) (300 SE2d 537) (1983). See also OCGA § 5-6-48 (f).

In this case, we have considered what we perceive generally to be the substance of the error asserted by the State and we find it without merit.[2] Because the trial court correctly concluded that West had a reasonable expectation of privacy in his home; that the dog sniff around the seal of his apartment door violated that expectation of

---

[2] In its brief, the State appears to argue that the trial court erred in granting the motion to suppress and finding that the use of the drug-sniffing dog without a warrant violated West's expectation of privacy in the common area of his apartment complex. It also cites a number of cases upholding dog sniffs in the common areas/hallways of apartments and then essentially states that this Court should reverse the grant of the motion to suppress because the officers here had permission from apartment management to take the dog through the common areas. The State also distinguishes a case cited by the trial court on the ground that the search at issue in that case, *Florida v. Jardines*, 569 U. S. 1 (133 SCt 1409, 185 LE2d 495) (2013), involved the front porch of a house and not a common breezeway. The problem with the State's argument, however, is that the trial court did not rule that "the mere use of a trained drug dog in the *common area* was an invasion of privacy." (Emphasis supplied.) The trial court made the opposite ruling, finding that the sniff test conducted in the common area/breezeway outside of West's apartment was not a violation of the Fourth Amendment because residents generally do not have a reasonable expectation of privacy in those areas.

privacy; and that the evidence presented to the issuing judge was insufficient to establish probable cause, we affirm its order granting West's motion to suppress. See *Katz v. United States*, 389 U. S. 347, 358-359 (88 SCt 507, 19 LE2d 576) (1967) (establishing reasonable expectation of privacy test). See, e.g., *Jardines*, 569 U. S. at 10-12 (III) (warrantless dog sniff of front porch and front door of home to investigate contents of the home violated Fourth Amendment); *Kyllo v. United States*, 533 U. S. 27, 40 (III) (121 SCt 2038, 150 LE2d 94) (2001) (warrantless use of a thermal-imaging device to detect relative amounts of heat within a home that would be unknowable without physical intrusion violated the Fourth Amendment). Cf. *State v. Arroyo*, 362 Ga. App. 207 (867 SE2d 607) (2022) (trial court did not err in by concluding, under the facts of the case, that defendant had "some reasonable expectation of privacy in the area immediately outside of his apartment door as within the curtilage of that apartment"), vacated on other grounds, *State v. Arroyo*, 367 Ga. App. 774 (888 SE2d 617) (2023). See also *Earl v. State*, 309 S3d 641, 649 (Ala. Crim. App. 2020) (use of a dog "to sniff the door seams of [an] apartment" was an unreasonable and illegal search).

*Judgment affirmed. Barnes, P. J., and Watkins, J., concur.*

7