A97A1632. GRIFFIN v. THE STATE.
(491 SE2d 437)

RUFFIN, Judge.

A jury found Avery Griffin guilty of arson. Griffin appeals, asserting as error the trial court's failure to give his requested

charges concerning evidence of motive and suspicion and the court's denial of his motion for directed verdict. For reasons which follow, we affirm.

We note initially that Griffin, who is represented by counsel on appeal, has violated this Court's rules and OCGA § 5-6-40 in preparing his brief. First, and potentially fatal to his appeal, Griffin has failed to cite to the record or transcript in support of his factual assertions. Court of Appeals Rule 27 (c) (3) (i) plainly requires that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration." To Griffin's good fortune, the record in this appeal is relatively short, and the State has cited the record in responding to Griffin's assertions of error. While the State's citations allow us to review Griffin's assertions without culling the record on his behalf, they in no way excuse his disregard for the rules of this Court. Griffin's failure to cite the record not only jeopardizes consideration of his appeal on the merits, but may also subject counsel to contempt proceedings. Court of Appeals Rule 7.

Second, and also potentially fatal to at least one of Griffin's assertions of error, he has asserted two separate errors in his first enumeration of error. OCGA § 5-6-40 requires that the enumerations of error "set out separately each error relied upon." "When an appellant argues more than one error within a single enumeration, this court in its discretion may elect to review none of the errors so enumerated in violation of OCGA § 5-6-40 or elect to review any one or more of the several assertions of error contained within the single enumeration and treat the remaining assertions of error therein as abandoned." (Citations and punctuation omitted.) *White v. State*, 221 Ga. App. 860, 861 (1) (473 SE2d 539) (1996).

Despite both violations, we exercise our discretion in this case to review Griffin's appeal on the merits for the reason of judicial economy and because Griffin should not, in this case, suffer for what his counsel neglected to do.[1]

1. Viewed in a light most favorable to support the jury's verdict, the evidence at trial showed as follows. Griffin and his estranged wife, Jackie Griffin, separated in October 1994. When Jackie Griffin moved out of their home, she took most of the furniture with her and rented a house. Jackie testified at trial that she did not tell Avery she was moving, "[b]ecause he told [her that she] could never take anything from [the home]."

---

[1] We hasten to hold, however, that we reach the merits of this case only because Griffin himself should not be deemed to embrace a procedural error which should amount to contempt of this Court.

At approximately 9:00 a.m. on February 8, 1995, Jackie Griffin left her rented home and went shopping with three friends. When Jackie and her friends returned to her home at approximately 7:30 that evening, she noticed all the lights in the house were on. Jackie testified that she entered the residence accompanied by one of her friends, and "[i]t looked as if someone had ransacked [the] house. . . . [T]hings were scattered all over the floor[,] . . . [p]apers, clothes; just things pulled out of the drawers." Jackie stated that nothing was missing, that all the doors were closed, and that she looked in all the rooms and did not see anyone inside the house.

A few minutes after Jackie and her friend entered the house, the doorbell rang. It was Avery Griffin. Jackie testified that "[h]e had a most unusual look about him. . . . He was very pale." In 29 years of marriage, she could not recall having "seen this look on Avery's face before." Jackie was scared and felt as though she needed to leave the house. She told Avery that someone had ransacked her house, walked past him, and pushed her friend out the door. When Jackie last saw Avery, he was standing in the doorway between the kitchen and the den.

Jackie and her friend joined their two companions in the car. Jackie told them that she "felt that [they all] needed to leave and give [Avery] a chance to leave." Accordingly, the four women drove a short distance down the road, pulled into a neighbor's driveway, sat there with the car lights off, watched the house, and waited until they thought it was safe to go back. When they saw Avery's truck leave Jackie's driveway eight to ten minutes later, they returned to the house. As they approached the residence, Jackie observed "that the lights were off, but [she also] noticed a flickering in the front windows." When she opened the carport door, she realized the house was on fire and went to a neighbor's house to call the fire department.

A. W. Durham, an expert arson investigator, testified for the State at trial. According to Durham, the fire originated in the den, and there was no evidence of any electrical or other accidental causes. Durham testified that he found newspapers scattered around the area of the fire's origin, and that he found evidence of flammable or combustible liquid pour patterns. Based on his investigation, Durham concluded that the fire was intentionally set.

Other testimony also showed that Avery Griffin was at the house shortly before Jackie and her friends arrived. Avery Griffin admitted he was at the house at "four or five o'clock that afternoon, to see if they was (sic) back. . . ." Jackie Griffin's neighbor testified, however, that she saw Avery Griffin's truck in the driveway at approximately 7:00 p.m., only 30 minutes before Jackie and her friends arrived at the house. The neighbor further stated that she knew it was Avery's truck because she had "seen it over there numerous times."

The trial court did not err in denying Avery Griffin's motion for a directed verdict. "The denial of a motion for directed verdict of acquittal should be affirmed if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Mere presence at the scene of a crime is insufficient to convict one of being a party to the crime, but presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. Criminal intent may be found by the jury upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." (Citations and punctuation omitted.) *Owens v. State*, 204 Ga. App. 579, 581 (3) (420 SE2d 79) (1992).

In the instant case although the evidence was circumstantial, it was sufficient for a rational trier of fact to find Griffin guilty of arson beyond a reasonable doubt. In addition to his presence at the scene of the crime, the evidence showed that Griffin may have been motivated to start the fire because of animosity toward Jackie for taking furniture from the marital home. Furthermore, Griffin's unexplained presence at the house approximately 30 minutes before the fire, his unusual and frightening demeanor which caused Jackie to leave the house immediately before the fire, and his instantaneous exit after the fire was started are all circumstances which the jury could have relied on in finding Griffin guilty beyond a reasonable doubt. See id.

2. Griffin asserts the trial court erred in failing to charge the jury that "while the defendant in this case obviously had the opportunity to start the fire, he had no apparent motive for doing so, and without more, the fact that he had exclusive access to the property, raises no inference of incendiarism on his part."

"A request to charge the jury must be correct and even perfect; otherwise refusal to give it is not error. It must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence." (Citation and punctuation omitted.) *Sumlin v. State*, 207 Ga. App. 408, 410 (2) (427 SE2d 868) (1993). In this case, the requested charge was not authorized by the evidence inasmuch as there was circumstantial evidence of motive — Griffin's animosity toward his estranged wife for taking furniture from the marital home. Furthermore, "[t]he imperfection inherent in the argumentative character of [Griffin's] request, which is more adjusted to the exhortation of counsel than to the impartial clarity which should characterize the instructions of the court, is sufficient reason for its refusal. It follows that there was no error in the trial court's refusal to give the requested instruction." (Citation and punctuation omitted.) Id.

3. In the same enumeration of error, Griffin asserts that the

court also refused to charge the jury that although "the fact that the evidence in this case raises a suspicion against the defendant, suspicion alone is not sufficient to authorize a conviction against the defendant." However, the transcript shows that the trial court instructed the jury concerning the presumption of innocence, the State's burden of proving Griffin committed the offenses beyond a reasonable doubt and the law on circumstantial evidence. Because the trial court's instructions covered the same relevant principles of law as the requested charge, we find no error. See *Casas v. State*, 193 Ga. App. 53, 54 (387 SE2d 20) (1989).

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 21, 1997.

*John R. Thigpen, Sr.*, for appellant.
*Richard E. Currie, District Attorney, James D. Lamb, Assistant District Attorney*, for appellee.