A99A0383. REID v. THE STATE.
(515 SE2d 201)

BLACKBURN, Judge.
Theodore Reid was convicted of robbery and giving a false name following a jury trial. Reid appeals the trial court's denial of his motion for a new trial based on insufficiency of the evidence and inef-

fective assistance of counsel. For the reasons set forth below, we affirm.

As an initial matter, we note that Reid did not support his enumerations of error with argument in his brief. See Court of Appeals Rule 27. In lieu of complying with Court of Appeals Rule 27, Reid incorporated by reference his motion for new trial filed in the trial court. We also observe that Reid has combined several errors within one enumeration, enumerating as error the trial court's denial of "Appellant's motion for new trial as amended on each ground enumerated therein."

> OCGA § 5-6-40 requires that the enumerations of error set out separately each error relied upon. When an appellant argues more than one error within a single enumeration, this court in its discretion may elect to review none of the errors so enumerated in violation of OCGA § 5-6-40 or elect to review any one or more of the several assertions of error contained within the single enumeration and treat the remaining assertions of error therein as abandoned.

(Punctuation omitted.) *Griffin v. State*, 228 Ga. App. 200, 201 (491 SE2d 437) (1997). Exercising our discretion under these circumstances, we review only the error asserting insufficiency of the evidence for the robbery conviction, and any other errors are deemed abandoned. ·

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Reid] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The jury's verdict must be upheld if any rational trier could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Backey v. State*, 234 Ga. App. 265 (1) (506 SE2d 435) (1998). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence shows that Reid approached Richard McDonald after McDonald had parked his car in front of Chef Redd's, a barbeque restaurant. Reid offered to watch McDonald's car. When McDonald pulled out his wallet to pay Reid, Reid snatched the wallet and ran off. At trial, McDonald identified Reid as the person who snatched his wallet. Furthermore, the proprietor of the business identified Reid as the man he saw leaning on McDonald's car that night. The evidence in this case is sufficient to support the conviction

for robbery.

*Judgment affirmed. Beasley, P. J., and Barnes, J., concur.*

DECIDED MARCH 30, 1999 —
RECONSIDERATION DENIED APRIL 19, 1999.

*Sam B. Sibley, Jr.*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.