523 S.E.2d 1 (1999)
271 Ga. 534
FELIX et al.
v.
The STATE.
No. S99G0120.
Supreme Court of Georgia.
October 18, 1999.
*2 Ellis C. Smith, James C. Thornton, LaGrange, for appellants.
Peter J. Skandalakis, District Attorney, Monique L. Fouque, Todd A. Orston, Assistant District Attorneys, for appellee.
BENHAM, Chief Justice.
While awaiting trial on an indictment charging them with possession of cocaine, appellants Gladys Felix and Leonard Lee filed a motion to suppress the contraband found by law enforcement officers executing a search warrant in the room in which appellants were sleeping. The trial court denied the motion, and appellants were convicted. On appeal to the Court of Appeals of Georgia, appellants asserted in their enumeration of errors that "[t]he trial court erred in denying Appellants' motion to suppress." In their brief filed with the appellate court, appellants set forth and argued separately four reasons why the motion to suppress should have been granted: because the search warrant allegedly suffered from three defects (the address was incorrect, the warrant appeared to have been issued by a court that did not exist, and the warrant was not supported by probable cause) and because the officers allegedly had executed the warrant illegally by using force to enter the occupied premises. See OCGA § 17-5-27. The Court of Appeals found appellants' multifarious attack on the trial court's ruling to be a "compound enumeration" in violation of § 5-6-40, and issued an opinion which addressed only the merits of the contention questioning the sufficiency of the search warrant's description of the premises to be searched. Felix v. State, 234 Ga.App. 509(1), 507 S.E.2d 172 (1998). We granted a writ of certiorari to examine the propriety of the Court of Appeals' invocation of § 5-6-40, which requires an appellant to file with the clerk of the appellate court "an enumeration of the errors which shall set out separately each error relied upon."
OCGA § 5-6-40 is a part of the Appellate Practice Act of 1965 ("APA"), described by one commentator as "probably the most substantial change in appellate procedure since creation of the Supreme Court." E. Freeman Leverett, "The Appellate Procedure Act of 1965," 1 Ga. State Bar J. 451 *3 (1965). The Act was passed "to simplify the procedure for bringing a case to the appellate court" (Taylor v. R.O.A. Motors, 114 Ga.App. 671(3), 152 S.E.2d 631 (1966)), and to secure "speedy and uniform justice in a uniform and well-ordered manner; ... not ... to set traps and pitfalls by way of technicalities for unwary litigants." Chambliss v. Hall, 113 Ga.App. 96, 98, 147 S.E.2d 334 (1966). A principal objective of the Act was to "get away from the harsh practice of treating every minor departure from prescribed procedures as a jurisdictional defect on the same level as a violation of the Bill of Rights." E. Freeman Leverett, "1966 Amendments to the Appellate Procedure Act of 1965," 2 Ga. State Bar J., 433, 443 (1966). To this end, the General Assembly expressly abolished bills of exceptions, exceptions pendente lite, assignments of error and all rules relating thereto (OCGA § 5-6-49), and mandated that the Act "be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to in [the Act]." OCGA § 5-6-30.
In the last decade, the composition of the enumeration of the errors has become an important feature of the Court of Appeals' review of a lower court's judgment. OCGA § 5-6-40's requirement that the appellant and cross-appellant file "an enumeration of the errors which shall set out separately each error relied upon" has been a focal point of appellate attention. Concerned that "lumping more than one assertion of error within a single enumeration creates a fair risk that ambiguity, misdirection, or confusion as to the error asserted will occur, thereby giving rise to an increased likelihood of generating inadvertent appellate error[,]" the Court of Appeals announced that, in order to protect its judgments on appellate review, it would exercise its discretion whether to review any of the several assertions of error when faced with an enumerated error it found to assert more than one error. West v. Nodvin, 196 Ga.App. 825(4)(c), 397 S.E.2d 567 (1990). The assertions of error not addressed by the appellate court would be treated as abandoned by the appellant. Id. Since then, in over seventy published opinions, the Court of Appeals has informed appellate attorneys that at least one of the errors enumerated by appellate counsel violates OCGA § 5-6-40 because it includes more than one error. In several of these cases, the Court of Appeals has exercised its discretion and reviewed none of the assertions contained in what it found to be a multifarious enumeration of error. See Bean v. State, 239 Ga.App. 106(1), 521 S.E.2d 19 (1999); Carl v. State, 234 Ga.App. 61(3), 506 S.E.2d 207 (1998); Stubbs v. Harmon, 226 Ga.App. 631(2), 487 S.E.2d 91 (1997);[1]Duggan v. State, 225 Ga.App. 291(7), 483 S.E.2d 373 (1997); Arrington v. State, 224 Ga.App. 676(1), 482 S.E.2d 400 (1997); White v. State, 221 Ga. App. 860(1), 473 S.E.2d 539 (1996);[2]HAP Farms v. Heard, 209 Ga.App. 684(1)(c), 434 S.E.2d 118 (1993); Wilson v. Southern R. Co., 208 Ga.App. 598(6), 431 S.E.2d 383 (1993). In other cases, the Court of Appeals has used a variety of standards to exercise its discretion to review all assertions of errors contained in the questioned enumerated error: if the court is unable to "address any one of these errors without touching upon the others ..." (Versico v. Engineered Fabrics Corp., 238 Ga.App. 837(2), 520 S.E.2d 505 (1999)); if each of the errors is "easily distinguished and separated in [appellant's] brief ..." (Wingfield v. State, 229 Ga.App. 75(4), 493 S.E.2d 235 (1997)); if the issues are "sufficiently related to one another and were jointly raised and ruled on below ..." (In the Interest of B.C.P., 229 Ga.App. 111(3), 493 S.E.2d 258 (1997)); if a party would otherwise "suffer for what his counsel neglected to do[,]" (Griffin v. State, 228 Ga. *4 App. 200, 491 S.E.2d 437 (1997)); "to the extent it is necessary to do so to resolve this appeal[,]" (Mann v. Atlanta Cas. Co., 215 Ga.App. 747, 452 S.E.2d 130 (1994)); or, if given "a liberal reading of the enumeration of errors and a review of [the] appellate brief... [it is] clear [what] defendant challenges on appeal ..." (Carver v. State, 208 Ga.App. 405(1), 430 S.E.2d 790 (1993)). See also Oliver v. State, 232 Ga.App. 816(2), 503 S.E.2d 28 (1998), and Sanders v. State, 212 Ga.App. 832, 442 S.E.2d 923 (1994) (where all the issues raised in one enumeration were addressed without explanation). In the vast majority of cases, however, the Court of Appeals has decided to address only a single assertion which it selects from the enumeration found to be multifarious. See, e.g., Reid v. State, 237 Ga.App. 690, 515 S.E.2d 201 (1999); Mays v. Farah USA, 236 Ga. App. 1(2), 510 S.E.2d 868 (1999); Atwood v. Southeast Bedding Co., 236 Ga.App. 116(2), 511 S.E.2d 232 (1999); Richardson v. State, 233 Ga.App. 233(2, 3), 504 S.E.2d 65 (1998); Union Planters Nat. Bank v. Crook, 225 Ga.App. 578(3), 484 S.E.2d 327 (1997); Howard v. State, 220 Ga.App. 267(4), 469 S.E.2d 396 (1996); Toledo v. State, 216 Ga.App. 480(4), 455 S.E.2d 595 (1995); McGee v. State, 205 Ga.App. 722(7), 423 S.E.2d 666 (1992).
The disparate application of OCGA § 5-6-40 has resulted from the Court of Appeals' exercise of discretion in furtherance of its perceived need to protect its judgments "on appellate review." West v. Nodvin, supra, 196 Ga.App. at 830, 397 S.E.2d 567. The constitutional authority of a court to "exercise such powers as necessary ... to protect or effectuate its judgments" (1983 Ga. Const., Art. VI, Sec. I, Par. IV) enables a court to take action to protect the efficacy of its judgment from a party's actions that endanger that judgment. See, e.g., Mitcham v. Blalock, 268 Ga. 644(1), 491 S.E.2d 782 (1997) (court could enjoin parties from engaging in arbitration of matters previously resolved in litigation before the court); McDaniel v. State, 202 Ga.App. 409(1), 414 S.E.2d 536 (1992) (court may use contempt powers to protect judgment). This provision of the Georgia Constitution is not authority for an appellate court to protect an appellate adjudication from further appellate review by declining to reach the merits of an allegation of trial court error sufficiently set forth pursuant to the APA in the enumeration of errors. We hereby disapprove language in appellate opinions which premises an appellate court's exercise of discretion to decline to address the merits of an allegation of trial court error on such authority.
There remains the question of how OCGA § 5-6-40 should be interpreted. As noted above, the Court of Appeals exercised its discretion not to address assertions of error when it determined that an appellant had violated § 5-6-40 by failing to "set out separately" "errors" in the enumeration of errors. OCGA § 5-6-40 defines neither "separately" nor "error."[3] A suggested form declared by *5 the General Assembly to be "sufficient"[4] indicates "that the subject matter [of an enumerated error] need be indicated only in [a] general way." Wall v. Rhodes, 112 Ga.App. 572(1), 145 S.E.2d 756 (1965). This Court has ruled that the APA authorizes "practically unlimited looseness" in an appellant's enumeration of errors (Thomas v. Scott, 221 Ga. 875(1), 148 S.E.2d 300 (1966)), and that an enumeration of error "need be only sufficient to point out the error complained of...." (Cit.) "[T]he subject matter need be indicated only in the most general way...." Adams-Cates Co. v. Marler, 235 Ga. 606, 221 S.E.2d 30 (1975). In Mull v. Emory Univ., 114 Ga.App. 63(2), 150 S.E.2d 276 (1966), the Court of Appeals ruled that the statutory requirement of separateness did not require separate numbering for each individual assertion of error concerning the trial court's sustaining of demurrers, and held that an enumeration complaining of the sustaining of demurrers and "setting forth each demurrer by its paragraph number" constituted a "sufficient `separate enumeration.'" In essence, under Mull, an error is "set out separately" when the trial court's purportedly erroneous ruling is identified and, if the same erroneous ruling occurred more than once, when each instance of error is identified by a particularized designation, i.e., a number or a name.[5]
Recent case law makes it necessary for us to update the holding in Mull. The General Assembly has made it clear that all points raised in an appeal are to be considered by the appellate court. In addition to the statutory mandate that the APA be "liberally construed so as to bring about a decision on the merits of every case appealed and to avoid ... refusal to consider any points raised therein" (OCGA § 5-6-30), the legislature, in enacting OCGA § 5-6-48(f), has imposed on the appellate courts a statutory duty to discern what errors an appellant is attempting to articulate. "[If] the enumeration of errors fails to enumerate clearly the errors sought to be reviewed[,]" the appellate court is nonetheless required to consider the appeal "[w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing,... what errors are sought to be asserted upon appeal...." OCGA § 5-6-48(f). In keeping with the statutory mandates that we construe the APA liberally so that points raised in an appeal are considered and that we carefully examine the appellate record to understand better the trial court errors an appealing party is holding up to appellate scrutiny, we take this opportunity to expand the definition of "set out separately" given us by the Court of Appeals in Mull v. Emory Univ. in order to take into account the duty imposed by § 5-6-48(f). We conclude that where the enumeration of errors filed in the appellate court identifies the trial court ruling asserted to be error, the error relied upon is sufficiently "set out separately" to require the appellate court to shoulder its constitutional responsibility to be a court of review (1983 Ga. Const., Art. VI, Sec. V, Par. III; Art. VI, Sec. VI, Par. II), and its statutory duty "to bring about a decision on the merits of every case appealed...." OCGA § 5-6-30.[6]
*6 As stated earlier, another issue revealed by our review of the opinions in which the Court of Appeals found a violation of OCGA § 5-6-40 is that there has not been a clear appellate determination of what constitutes an "error" which must be set forth in the enumeration of errors. We endeavor to do so now.
This Court and the Court of Appeals are courts of review. 1983 Ga. Const., Art. VI, Sec. V, Par. III; Art. VI, Sec. VI, Par. II. As appellate courts, we are courts for the correction of errors of law made by the trial courts. Mills v. State, 188 Ga. 616, 623, 4 S.E.2d 453 (1939). In appellate practice, an error of law is "a false or mistaken conception or application of the law. Such a mistaken or false conception or application of the law to the facts of a cause as will furnish ground for a review of the proceedings...." Black's Law Dictionary (5th ed.). An error of law has as its basis a specific ruling made by the trial court. In order for a Georgia appellate court to review a trial court ruling for legal error, a party must set forth in the enumeration of errors the allegedly erroneous ruling. OCGA § 5-6-40. The appellate court is precluded from reviewing the propriety of a lower court's ruling if the ruling is not contained in the enumeration of errors. Lee v. State, 265 Ga. 112(8), 454 S.E.2d 761 (1995); Irvin v. Askew, 241 Ga. 565(2), 246 S.E.2d 682 (1978).
In the case at bar, the error of law alleged to have been made by the trial court was the denial of appellants' motion to suppress. Appellants set forth in the enumeration of errors their contention that the trial court's ruling on their motion to suppress was error. Appellants mounted a multi-pronged attack on the propriety of the ruling they asserted was erroneous. The individual facets of appellants' attack on the legal ruling with which they took issue are arguments in support of a legal position and are not, in and of themselves, errors of law. Because the arguments supporting a position concerning a legal ruling are not themselves legal rulings, they do not have to be enunciated in the enumeration of errors in order to merit appellate consideration. Such arguments, however, must be addressed by the appellate court if necessary to its decision on the issue of the propriety of the trial court's ruling. To the extent the following cases can be read as requiring each argument made in support of an enumeration of error to be set forth in the enumeration of errors, they are overruled. Herndon v. State, supra, 229 Ga.App. 457(5)(b), 494 S.E.2d 262; Wingfield v. State, supra, 229 Ga.App. 75(4), 493 S.E.2d 235; Howard v. State, supra, 220 Ga.App. 267(4), 469 S.E.2d 396; Ellerbee v. State, 215 Ga. App. 312(3), 450 S.E.2d 443 (1994); Robinson v. State, 212 Ga.App. 613(2), 442 S.E.2d 901 (1994); Carver v. State, supra, 208 Ga.App. 405, n. 1, 430 S.E.2d 790; Bounds v. State, 207 Ga.App. 665, 428 S.E.2d 673 (1993).
Inasmuch as appellants Felix and Lee adequately set out in their enumeration of errors that they sought appellate review of the trial court's denial of their motion to suppress and the Court of Appeals did not address all the arguments raised by appellants in support of their enumerated error, we remand the case to the Court of Appeals in order that appellants' remaining arguments be addressed.
Judgment vacated and case remanded with direction.
All the Justices concur.
NOTES
[1] After the Court of Appeals stated it was exercising its discretion to review none of the assertions raised in the enumeration in question, it went on to hold, "in the interest of judicial economy," that, assuming one of the alleged errors had occurred, it was harmless error.
[2] After announcing it elected not to review any of the asserted errors, the Court of Appeals found that the multiple errors "had not been preserved for appeal" since one of the issues had been ruled on adversely to appellant in an earlier appeal and appellant had conceded in the enumeration of error that no timely objection had been made at trial.
[3] Nor has there been a clear appellate determination of what constitutes an "error" which must be set forth in the enumeration of errors. See, e.g., Versico Corp. v. Engineered Fabrics, supra, 238 Ga.App. 837(2), 520 S.E.2d 505 (where the contention that the trial court had erred in finding an ambiguity in the contract, in applying the rules of contract construction, and in concluding that there was an intended third-party beneficiary of the contract was ruled to be more than one enumeration of error); Sheffield v. State, 237 Ga.App. 701(2), 516 S.E.2d 563 (1999) (assertion that the trial court erred three ways in admitting evidence of a similar transaction ruled to contain more than one error); Mays v. Farah USA, supra, 236 Ga.App. 1(2), 510 S.E.2d 868; Oliver v. State, supra, 232 Ga.App. 816(2), 503 S.E.2d 28; Wozniuk v. Kitchin, 229 Ga.App. 359(2), 494 S.E.2d 247 (1997); Griffin v. State, supra, 228 Ga.App. 200, 491 S.E.2d 437 (enumeration contending trial court erred in failing to give certain requested charges ruled to contain more than one error); Payne v. Thompson, 234 Ga.App. 533, 507 S.E.2d 257 (1998) (appellate court ruled enumeration claiming the trial court erred in charging the jury on certain principles of negligence and liability should have been separated into separate enumerations); Willis Mining v. Noggle, 235 Ga.App. 747(1), 509 S.E.2d 731 (1998) (appellate court ruled the denial of a motion for directed verdict and the denial of motion for new trial must be separate enumerations of error); Rocha v. State, 234 Ga.App. 48(3), 506 S.E.2d 192 (1998) (the trial court's refusal to admit different evidence by which a party attempted to prove a particular fact ruled to constitute more than one error); Richardson v. State, supra, 233 Ga.App. 233(3), 504 S.E.2d 65 (enumeration raising multiple allegations of prosecutorial misconduct and trial court error ruled to contain more than one error); Gibson v. State, 233 Ga.App. 838(4), 505 S.E.2d 63 (1998) (enumeration asserting error in the trial court's denial of a motion for directed verdict concerning specified counts of the indictment ruled to improperly combine several errors into one enumeration); Herndon v. State, 229 Ga.App. 457(5)(b), 494 S.E.2d 262 (1997) (enumeration asserting error in the admission of a deposition violative of OCGA §§ 24-10-130 and 24-10-135 ruled to assert two errors).
[4] Suggested forms for several documents pertinent to the APA are found in OCGA § 5-6-51.
[5] Accordingly, an enumeration of errors which contains an assertion that the trial court erred in refusing to give certain identified requests to charge, or one which asserts that the trial court erred in permitting certain identified witnesses to testify about a particular matter (e.g., similar transaction evidence) sufficiently "set[s] out separately each error relied upon."
[6] Of course, if the assertion that a particular trial court ruling was error is not supported by argument or citation of authority, it is deemed abandoned under the rules of each of the Georgia appellate courts. See Court of Appeals Rule 27(c)(2) and Supreme Court Rule 22. Furthermore, an appealing party may not use its brief to expand its enumeration of errors by arguing the incorrectness of a trial court ruling not mentioned in the enumeration of the errors. See, e.g., Williams v. State, 208 Ga.App. 153(1), 430 S.E.2d 42 (1993); Moore v. Sinclair, 196 Ga.App. 667(2), 396 S.E.2d 557 (1990).