# Court of Appeals
# of the State of Georgia

ATLANTA,  December 13, 2021

*The Court of Appeals hereby passes the following order:*

**A22A0109. CITY OF ATLANTA v. CITY OF SANDY SPRINGS.**

This is the latest appeal stemming from a case involving a water rate dispute between the City of Atlanta and the City of Sandy Springs. The City of Atlanta filed a motion to dismiss, arguing that the trial court lacked jurisdiction over the case. On June 25, 2021, the Special Master issued a report and recommendation that the motion be denied. That same day, the trial court entered the Special Master's proposed order denying the motion. On July 13, 2021, the City of Atlanta filed a notice of appeal from the trial court's June 25 order, giving rise to the instant appeal.

The City of Sandy Springs has filed a motion to dismiss, arguing that this appeal is interlocutory and does not fall within the collateral order doctrine. In its motion, the City of Sandy Springs notes that we have previously dismissed a virtually identical appeal between the same parties. See Case No. A21A0420 (Dec. 30, 2020). In response, the City of Atlanta argues that the trial court's order is subject to immediate review under the collateral order doctrine because the trial court violated its due process rights by adopting the Special Master's recommendation without providing it notice and an opportunity to object.

We conclude that, as in Case No. A21A0420, we lack jurisdiction to consider the City of Atlanta's direct appeal. Here, as in the previous appeal, the trial court's order adopting the Special Master's recommendation is interlocutory and was not certified for immediate review. Further, here, as in the previous appeal, the trial court's order does not include a ruling on the City of Atlanta's due process claim. Because the due process issue has not been addressed by the superior court, it may not be addressed on appeal. See *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999)

(an appellate court serves to correct errors of law, which must be based upon a ruling of the trial court). We therefore conclude, as we did in the previous appeal, that – pretermitting whether a superior court order addressing the City of Atlanta's due process claim would be subject to direct appeal under the collateral order doctrine – the superior court's order of June 25 is not such an order.

Accordingly, the superior court's June 25 order is not subject to direct appeal as a collateral order, and the City of Atlanta was required to comply with the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to appeal the order. OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). The City of Atlanta's failure to follow the interlocutory appeal procedures deprives us of jurisdiction over this premature direct appeal. The motion to dismiss is GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  12/13/2021

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*