**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 26, 2023**

# In the Court of Appeals of Georgia

A23A1103. FREEDOM HEIGHTS, LP v. LOWNDES COUNTY BOARD OF TAX ASSESSORS.

RICKMAN, Judge.

In this dispute between Freedom Heights, LP, and the Lowndes County Board of Tax Assessors ("the Board") concerning the ad valorem tax assessment of a rent-restricted apartment complex, Freedom Heights appeals from the trial court's order granting partial summary judgment to the Board and denying partial summary judgment to Freedom Heights. On appeal, Freedom Heights argues that the trial court erred by finding that the income approach to valuation is inapplicable and by adopting the Board's form of the cost approach. For the reasons that follow, we affirm.

The record shows that Freedom Heights owns an apartment complex in Valdosta, Georgia. All of the rental units have various income or rent restrictions. The cost of constructing the apartment complex was partially financed with federal low-income housing tax credits under Section 42 of the Internal Revenue Code of 1986, as amended, and state low-income housing tax credits (together "LIHTCs"). Freedom Heights' limited partnership structure allows the tax credits to pass through to the benefit of its limited partners.

The Board issued a tax assessment notice to Freedom Heights valuing the apartment complex at $12,790,200 for the 2021 tax year. Freedom Heights appealed the assessment to the Lowndes County Board of Tax Assessors, which made no changes. The Lowndes County Board of Equalization subsequently upheld the assessment, and Freedom Heights appealed the Board of Equalization's decision to the Lowndes County Superior Court.

Freedom Heights filed a motion for partial summary judgment asking the trial court to enter an order declaring that the property may be valued using the income method and that the Board's current valuation is illegal. The Board filed two motions for partial summary judgment. In the first motion, the Board requested that the trial court rule that "excluding low-income housing tax credits awarded a Section 42

property from the assessment of fair market value would violate Georgia law including the taxation uniformity provision of the Georgia Constitution." In the second motion, the Board sought a ruling that for purposes of determining the fair market value of a Section 42 property,

    (a) The sales comparison approach to valuation of property is inapplicable and may not be used to value a Section 42 property for ad valorem property tax purposes absent evidence of sales of other Section 42 properties with unused income tax credits.

    (b) The income approach to valuation of property is inapplicable and may not be used to value a Section 42 property for ad valorem property tax purposes based on the current structure of LIHTCs which the Supreme Court has held does not generate actual income to the taxpayer.

    (c) Tax assessors have alternative methods to the sales comparison and income approaches of assessing the fair market value of Section 42 properties. These alternative methods are set forth in regulatory law that (a) directs the appraisers to consider the cost approach to valuation and (b) provides when unusual circumstances are affecting value, they should be considered. OCGA § 48-5-2 (3) (B) (vii) (I) and (II) do not preclude consideration of LIHTCs in determining the fair market value of a Section 42 property when using these alternative approaches.

The trial court granted the Board's motions for partial summary judgment and denied Freedom Heights' motion, ruling as follows:

As for the Board's First Motion, the Court finds that the ruling of the Supreme Court case [*Heron Lake II Apts. v. Lowndes County Bd. of Tax Assessors*, 306 Ga. 816 (833 SE2d 528) (2019) ("*Heron Two*")] shall apply to the case at hand. Therefore, Section 42 Tax Credits shall be considered a benefit connected to the real estate itself. Further, excluding these benefits from the fair market value would grant preferential treatment to these properties which would be a violation of the taxation uniformity provision of the Georgia Constitution.

As to the Board's Second Motion, the Court holds that OCGA § 48-5-2 (3) (B) (vii) shall be applied in the same way in which the Court in *Heron Two* applied the statute. Therefore, this Court is affirming three contentions that apply when assessing the value of Section 42 properties: 1) the sales comparison approach is not to be used unless there is evidence of sales of other Section 42 properties with unused tax credits; 2) the income approach is inapplicable and may not be used based on the current structure of the tax credits which does not provide any actual income to the taxpayer; and 3) tax assessors can use other methods to assess the value of the property, including the Cost Approach and the Unusual Circumstances method. The tax credits should not be excluded when using those two methods.

This appeal followed.

1. Freedom Heights contends that the trial court erred by finding that "the income approach is inapplicable and may not be used based on the current structure

4

of the tax credits which does not provide any actual income to the taxpayer." We disagree.

All property must be returned for taxation at its fair market value. OCGA § 48-5-6. The taxation uniformity provision of the Georgia Constitution, Ga. Const. of 1983, Art. VII, Sec. 1, Par. III (a) ("taxation uniformity provision"), requires that property of the same class be assessed and taxed uniformly. *Heron Lake II Apts. v. Lowndes County Bd. of Tax Assessors*, 299 Ga. 598, 605 (791 SE2d 77) (2016) ("*Heron One*"). In *Heron One*, the Supreme Court of Georgia held that OCGA § 48-5-2 (3) (B.1), which excludes low-income housing income tax credits from consideration for the purpose of assessing ad valorem tax, is unconstitutional because it violates the taxation uniformity provision. *Heron One*, 299 Ga. at 610.

After the Supreme Court's decision in *Heron One*, the Georgia Assembly in 2017 amended OCGA § 48-5-2, revising OCGA § 49-5-2 (3) (B) (vi) to provide that tax assessors shall apply, among other criteria, the following:

> Rent limitations, higher operating costs resulting from regulatory requirements imposed on the property, and any other restrictions imposed upon the property in connection with the property being eligible for any income tax credits with respect to real property which are claimed and granted pursuant to either Section 42 of the Internal Revenue Code of 1986, as amended, or Chapter 7 of this title or

5

receiving any other state or federal subsidies provided with respect to the use of the property as residential rental property; provided, however, that properties described in this division shall not be considered comparable real property for the assessment or appeal of assessment of properties not covered by this division[.]

See Ga. L. 2017, p. 25, § 1. The 2017 amendment also added to subparagraph (B) a new division (vii), which provides as follows:

(I) In establishing the value of any property subject to rent restrictions under the sales comparison approach, any income tax credits described in division (vi) of this subparagraph that are attributable to a property may be considered in determining the fair market value of the property, provided that the tax assessor uses comparable sales of property which, at the time of the comparable sale, had unused income tax credits that were transferred in an arm's length, bona fide sale.

(II) In establishing the value of any property subject to rent restrictions under the income approach, any income tax credits described in division (vi) of this subparagraph that are attributable to property may be considered in determining the fair market value of the property, provided that such income tax credits generate actual income to the record holder of title to the property[.]

OCGA § 48-5-2 (3) (B) (vii).

In *Heron Lake II Apts. v. Lowndes County Bd. of Tax Assessors*, 306 Ga. 816 (833 SE2d 528) (2019) ("*Heron Two*"), the Supreme Court explained that OCGA §

6

48-5-2 (3) (B) (vii) (I) and (II) "tell tax assessors how they can use the sales comparison and income approaches in determining the fair market value of Section 42 properties" and held that low-income housing tax credits do not constitute "actual income" under OCGA § 48-5-2 (3) (B) (vii) (II). *Heron Two*, 306 Ga. at 821, 823 (3).

The Supreme Court then considered the constitutionality of OCGA § 48-5-2 (3) (B) (vii). *Heron Two*, 306 Ga. at 824-828 (4). The Court noted that

> all presumptions are in favor of the constitutionality of an act of the legislature and that before an Act of the legislature can be declared unconstitutional, the conflict between it and the fundamental law must be clear and palpable and [the Supreme] Court must be clearly satisfied of its unconstitutionality. Moreover, because statutes are presumed to be constitutional until the contrary appears, the burden is on the party alleging a statute to be unconstitutional to prove it.

(Citation and punctuation omitted.) *Heron Two*, 306 Ga. at 825 (4). The Court also noted that if "the language of an act is susceptible of a construction that is constitutional, and another that would be unconstitutional, that meaning or construction will be applied which will sustain the act." (Citation and punctuation omitted.) *Heron Two*, 306 Ga. at 825 (4). The Supreme Court held that "OCGA § 48-5-2 (3) (B) (vii) (I) and (II) are not unconstitutional, because they do not completely preclude tax assessors from considering LIHTCs in determining fair

7

market value; rather, they simply limit the applicability of the sales comparison and income approaches." *Heron Two*, 306 Ga. at 827 (4).

The Supreme Court explained OCGA § 48-5-2 (3) (B) (vii) (II)'s limitation on the applicability of the income approach as follows:

> With respect to the income approach, consistent with our conclusion above — that LIHTCs as currently structured do not constitute "actual income" for the purposes of OCGA § 48-5-2 (3) (B) (vii) (II) — we agree that this method has a narrow range of potential applications. But that does not mean that it cannot be applied in *any* circumstances, or that it is arbitrary or unreasonable. For example, while we hold that today's LIHTCs cannot be counted as "actual income" under the income approach, we do not hold that the statute cannot be applied as written – i.e., in circumstances where a tax assessor could show that LIHTCs "generate actual income," such as where LIHTCs resulted in a net payment to the taxpayer rather than merely reducing her tax liability. Cf. OCGA § 48-7-40.36 (g) (1) (providing refundable income tax credits to timber farmers impacted by Hurricane Michael). And for those reasons, OCGA § 48-5-2 (3) (B) (vii) (II)'s income approach is not arbitrary or unreasonable.

*Heron Two*, 306 Ga. at 827 (4).

As construed by the Supreme Court in favor of its constitutionality, OCGA § 48-5-2 (3) (B) (vii) (II) limits the applicability of the income approach to

8

"circumstances where a tax assessor could show that LIHTCs 'generate actual income.'" *Heron Two*, 306 Ga. at 827 (4). And, as currently structured, "LIHTCs . . . do not constitute 'actual income' for the purposes of OCGA § 48-5-2 (3) (B) (vii) (II)." Id. Consequently, as LIHTCs are currently structured, tax assessors may not use the income approach in determining the fair market value of Section 42 properties, and the trial court did not err by finding that "the income approach is inapplicable and may not be used based on the current structure of the tax credits which does not provide any actual income to the taxpayer."

2. Freedom Heights contends that the trial court erred by "adopting" the Board's "improper form of the cost approach" because tax credits are not considered when using the cost approach and because Freedom Heights does not receive any actual income from the tax credits.

This Court is a court "for the correction of errors of law made by the trial courts." *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999). "An error of law has as its basis a specific ruling made by the trial court." Id. "[I]f the trial court has not ruled on an issue, we will not address it." (Citations and punctuation omitted.) *Pneumo Abex, LLC v. Long*, 357 Ga. App. 17, 29 (2) (849 SE2d 746) (2020). Although Freedom Heights asserts that the trial court erred by "adopting" the Board's

9

"improper form of the cost approach," a review of the order on appeal does not reveal any such ruling by the trial court. The trial court ruled that excluding the tax credits from fair market value would violate the taxation uniformity provision and that the tax credits should not be excluded when using the cost approach or the "[u]nusual [c]ircumstances method," but the trial court did not rule on whether adjustments made by the Board to take into account the effect of the tax credits are appropriate or whether the Board's determination of fair market value is correct. Consequently, this enumeration presents nothing for this Court to review on appeal. See *Pneumo Abex, LLC*, 357 Ga. App. at 29 (2) ("[W]ithout a ruling by the trial court on a particular issue, there is nothing for this Court to review upon appeal.") (citation and punctuation omitted).

*Judgment affirmed. Dillard, P. J., and Pipkin, J., concur*.