**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 9, 2024**

# In the Court of Appeals of Georgia

A24A0011. NOELLIEN v. THE STATE.

HODGES, Judge.

Following a jury trial, the Superior Court of Cobb County entered a judgment of conviction against Solomon Santana Noellien for one count each of possession of methamphetamine or amphetamine with intent to distribute (OCGA § 16-13-30 (b)), possession of cocaine (OCGA § 16-13-30 (a)), possession of a controlled substance (methadone) with intent to distribute (OCGA § 16-13-30 (b)), possession of a Schedule IV controlled substance (alprazolam) (OCGA § 16-13-30 (a)), and possession of marijuana with intent to distribute (OCGA § 16-13-30 (j) (1)). Noellien appeals from the trial court's denial of his motion for new trial as amended, arguing

that the evidence was insufficient to support his convictions. Finding no error, we affirm.

Viewed in a light most favorable to the verdict,[1] the evidence adduced at trial demonstrated that the Marietta Cobb Smyrna Organized Crime Unit received a complaint concerning suspected human trafficking or prostitution at a residence on Little Willeo Road in Cobb County in May 2016. Surveillance of the residence revealed extensive traffic in and out of the residence, with male visitors staying approximately thirty minutes to one hour. Officers stopped a visitor to the residence, who confirmed that he had visited the residence to engage in prostitution. Based upon that information, officers obtained a search warrant for the residence. Officers executed the warrant and, upon entry to the residence, discovered drugs in plain view. Officers stopped the search of the residence to obtain a second search warrant for drugs.

In the ensuing search, officers discovered a downstairs bedroom. The bedroom, and an adjacent closet, contained men's clothing and shoes; no other men's clothing was located inside the house. Officers also discovered multiple cell phones, digital scales, small plastic bags commonly used to distribute drugs, and drugs stashed in a

---

[1] See, e.g., *Bustos v. State*, 365 Ga. App. 433 (878 SE2d 774) (2022).

Planters peanut container in the downstairs bedroom. Credit cards, mail, and a vehicle certificate of title located in the bedroom contained Noellien's name. Noellien was the only person listed on the lease for the residence.

In a downstairs bathroom near the bedroom, officers found an open safe under the sink and shards of methamphetamine in the toilet. And in a closet just outside the bedroom, officers found a large quantity of marijuana. Altogether, the search of the downstairs bedroom and adjacent areas yielded quantities of alprazolam, cocaine, crack cocaine, marijuana, methadone, and methamphetamine, as well as the digital scales and multiple cell phones. Noellien was present when officers executed the search warrant, and a search of Noellien's person yielded a small plastic bag containing suspected cocaine and $4,128 in cash.

A Cobb County grand jury indicted Noellien for one count each of trafficking methamphetamine or amphetamine, possession of cocaine with intent to distribute, possession of a controlled substance (methadone) with intent to distribute, possession of a Schedule IV controlled substance (alprazolam) with intent to distribute, and possession of marijuana with intent to distribute. At trial, a jury found Noellien guilty of the charges of possession of a controlled substance (methadone) with intent to

distribute and possession of marijuana with intent to distribute, and guilty of the lesser included offenses of possession of methamphetamine or amphetamine with intent to distribute, possession of cocaine, and possession of a Schedule IV controlled substance (alprazolam). The trial court denied Noellien's motion for new trial as amended, and this appeal follows.

In a single enumeration of error, Noellien states that the evidence was insufficient to support his convictions because "[e]vidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." We do not agree.[2]

Georgia law provides that

---

[2] A sizeable portion of Noellien's argument also focuses on the trial court's jury instruction for party to a crime in the absence of a co-defendant. Although Noellien's counsel objected to the proposed instruction during the charge conference, it is not enumerated as error and we do not reach this issue. See *Felix v. State*, 271 Ga. 534, 539, n. 6 (523 SE2d 1) (1999) ("[A]n appealing party may not use its brief to expand its enumeration of errors by arguing the incorrectness of a trial court ruling not mentioned in the enumeration of the errors."); *Kelly v. State*, 364 Ga. App. 556, 566 (6), n. 4 (874 SE2d 442) (2022) (declining to consider defendant's challenge to trial court's jury instructions where defendant attempted to expand enumeration of error).

possession can be either actual or constructive. A person has actual possession of an object if he knowingly has direct physical control of it at a given time. Constructive possession results when a person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing.

(Citations and punctuation omitted.) *Bustos v. State*, 365 Ga. App. 433, 435 (1) (878 SE2d 774) (2022). "Constructive possession may be proven by circumstantial evidence but, as with any charge based on purely circumstantial evidence, in order to support a conviction, the evidence must exclude every reasonable hypothesis, save that of constructive possession by the defendant." (Citation and punctuation omitted.) Id. at 435-436 (1). To that end, of course,

questions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence and that finding will not be disturbed unless the verdict of guilty is unsupportable as a matter of law. In other words, whether the evidence shows something more than mere presence or proximity, and whether it excludes every other reasonable hypothesis, are questions committed principally to the trier of fact, and we should not disturb the decisions of the trier of fact about these things unless they cannot be supported as a matter of law.

(Citation omitted.) Id. at 436 (1).

5

It is true, as Noellien contends, that "mere presence at the scene of a crime, even coupled with knowledge and approval, is insufficient to convict one of being a party." (Citation omitted.) *Bustos*, 365 Ga. App. at 436 (1).

> However, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. A person will not be presumed to act with criminal intention, but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. If the totality of circumstantial evidence is sufficient to connect the defendant with the possession of the drugs, the conviction will be sustained, even though there is evidence to authorize a contrary finding.

(Citation omitted.) Id.

Here, the evidence at trial revealed that a smorgasbord of drugs and drug-related items, including digital scales, multiple cell phones, and small plastic bags, were found in a downstairs bedroom that contained credit cards, mail, and a vehicle certificate of title, all bearing Noellien's name. Officers also found cocaine and over $4,000 in cash on Noellien's person. Moreover, Noellien was the only person listed on a lease for the residence. Finally, men's clothing was found only in the vicinity of

6

the downstairs bedroom and nowhere else in the multi-story residence. The jury was free to reject as unreasonable Noellien's theory that he was merely present and that others in the residence had possession of the drugs and drug-related objects located in the vicinity of the downstairs bedroom. See, e.g., *Lopez-Vasquez v. State*, 331 Ga. App. 570, 573 (1) (771 SE2d 218) (2015). As a result, we conclude that the evidence was sufficient for a rational trier of fact to find Noellien guilty beyond a reasonable doubt of the crimes for which he was convicted. See OCGA § 16-13-30 (a) ("[I]t is unlawful for any person to purchase, possess, or have under his or her control any controlled substance."), (b) ("[I]t is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance.") (j) (1) ("It shall be unlawful for any person to possess, have under his or her control, manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana."); see also *Bustos*, 365 Ga. App. at 436 (1) ("If the totality of circumstantial evidence is sufficient to connect the defendant with the possession of the drugs, the conviction will be sustained, even though there is evidence to authorize a contrary finding.") (citation omitted).

*Judgment affirmed. Doyle, P. J., and Watkins, J., concur.*